Joseph A. Brvst, J.
This court on its own motion is recalling its decision in this matter which appeared in the New York Law Journal on September 29, 1963, and this matter is disposed of as follows:
Motion to stay arbitration. No issue is presented as to whether or not the petitioner’s injuries were caused by collision with an uninsured vehicle. The fact of disclaimer is not in dispute. The moving affidavit states that the 1 ‘ ‘ Atlantic National ’ * * * on or about November 8, 1962 disclaimed *777 coverage to their insured, * * * for the accident of July 14,1960.”
“ Where the fact of disclaimer is in dispute, arbitration should be stayed pending an adjudication of that fact by a court of competent jurisdiction after hearing * * * But no such dispute is here presented * * * Since there is no requirement in the statute * * # the disclaimer be a valid one, we reject petitioner’s contention that, as a condition precedent to arbitration, the insured must first obtain a judicial determination of the right of the insurer of the motorist allegedly responsible for the accident to disclaim liability ” (Matter of MVAIC [Malone], 19 A D 2d 542, 543). At the time of this court’s original decision this court incorrectly believed the Malone case to be the law only in the Second Department. However, this no longer is true and the rule set forth in the Malone case is now also the law in the First Department as a result of Matter of Scire (MVAIC) (19 A D 2d 788).
In the Scire case the claimant filed a claim with the Motor Vehicle Accident Indemnification Corporation, after the company insuring the allegedly responsible motorist disclaimed liability. The claimant served a demand for arbitration, and the Motor Vehicle Accident Indemnification Corporation moved to vacate the demand on the ground that the question of insurance coverage was not an arbitrable issue. Special Term ordered a hearing or trial of ‘ ‘ the issues of insurance coverage and alleged disclaimer”. On January 28, 1963, a trial was held before Mr. Justice Aurelio, and a jury of 12. After testimony and proof the Judge directed a verdict as follows: “ The jurors were directed to find that Joseph De Marco here involved was insured by General Fire and Casualty Company and that said insurance did in fact disclaim liability ”. The court refused to permit evidence on the issue of the validity of the disclaimer, and refused to submit this issue to the jury. Mr. Justice Aurelio granted a motion to confirm the jury findings and to vacate the stay of arbitration granted by Special Term. The Appellate Division unanimously affirmed the order of Mr. Justice Aurelio and cited Matter of MVAIC (Malone) (19 A D 2d 542). (Matter of Scire [MVAIC], supra).
Accordingly, where, as here, ‘‘ the fact of disclaimer ’ ’ is not in dispute, there is no question regarding the disclaimer which must be determined by a preliminary trial. Therefore, the motion is denied and arbitration is directed to proceed on the issues of negligence of the allegedly responsible motorist, and the resulting question of damages.