■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v. LOUIS GRAHAM, Defendant, and HELEN PARDALIS et al., Respondents. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor-Appellant.— Order, entered on December 5, 1963, unanimously reversed, on the law and the facts, and in the exercise of discretion, with $20 costs and disbursements to appellant, and motion by appellant for leave to intervene in this action granted, with $10 costs. The pending action was brought by the respondent insurance company to declare the validity of its disclaimer as the insurer of a certain vehicle alleged to have been involved in a collision with another automobile, resulting in damage and injury to an occupant thereof. The declaratory judgment action is brought against the plaintiff's insured and the owner and occupant of the other automobile. The occupant and her husband, as persons insured under an MVAIC endorsement, may be entitled to proceed and have recovery against MVAIC because of plaintiff's disclaimer without regard to the validity thereof. Thus, it is true that MVAIC may be held liable to these persons under its endorsement irrespective of the outcome of the declaratory judgment action. (See Insurance Law, § 167, subd. 2-a; *Matter of MVAIC* [*Malone*], 19 A D 2d 542; *Matter of Scire* [*MVAIC*], 19 A D 2d 788; *Matter of Danza* [*MVAIC*], 40 Misc 2d 776; *Matter of MVAIC* [*Holley*], 33 Misc 2d 567.) Nevertheless, if MVAIC is required to and does pay the claims asserted under its endorsement, it would be subrogated to the claimants' rights, if any, against the plaintiff's insured. Therefore, MVAIC does have a real and substantial interest in the matter of the determination of the validity of plaintiff's disclaimer. It is settled that " an action for a declaratory judgment is brought to forever settle the rights of all parties interested, and, generally speaking, all persons who may be affected thereby must be joined as parties. As in other actions, the court must have before it the parties to the controversy and the cause, so that the adjudication, when made, will bind the interests and the parties, and so will constitute a judicial determination of the controversy." (22 Carmody-Wait, New York Practice, § 26, p. 739.) Therefore, MVAIC, at least where it consents, may properly be made a party to the action for the purpose of facilitating the disposal in one action of all claims involving the validity of the plaintiff's disclaimer. The claims of MVAIC with respect thereto involve common questions of law and fact, and, in view of the broad language of the statute (CPLR 1013) and the mandate for liberal construction (CPLR 104), the application of MVAIC to intervene should have been granted. (See *Matter of Eberlin* v. *Herman*, 18 A D 2d 1068, 1069; *Reed* v. *Village of*

*Larchmont,* 19 A D 2d 624; *Central Westchester Humane Soc.* v. *Hilleboe,* 202 Misc. 873, 875; *Matter of MVAIC* [*State-Wide Ins. Co.*], 36 Misc 2d 981.) Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.