Bertram Harnett, J.,
In the "Words & Phrases” index of West publications, this case could be catalogued under "Mortgagee” or "Fire Insurance Proceeds, Right to Recover,” or simply "If at first you do not succeed * * *.”
In Whitestone Sav. & Loan Assn. v Allstate Ins. Co. (28 NY2d 332), Whitestone, named beneficiary of a mortgagee loss payable clause, sued an insurer to recover fire insurance proceeds on a partially destroyed house. After the fire, it foreclosed the mortgage it held on the home. Whitestone bought in the property at the foreclosure sale, bidding exactly the amount due on the mortgage debt. The Court of Appeals then denied the bank’s effort to recover insurance proceeds to the extent the mortgage debt may have exceeded the actual value of the property.
Under the standard fire insurance mortgagee loss payable *397 clause, a bank can recover for whatever loss it suffers as a result of the fire. A mortgagee, like Whitestone, has an insurable interest and can recover only to the extent of the remaining debt owed. However, the Court of Appeals found that the bank had satisfied its debt by taking the property in exchange for the debt. By bidding the whole debt to purchase the property, the bank acknowledged the equivalent worth of the property. Satisfying the debt extinguished Whitestone’s interest in the fire policy, even though the event of satisfaction or extinguishment took place after the fire.
Today, Whitestone tries the point again, with a different case, with different people and property, and a claimed significant distinction: Whitestone bought the property here for less than the whole amount it was owed.
Moke Realty Corporation owned a Long Beach restaurant building which was totally destroyed by fire on March 14, 1970. The building carried fire insurance of $25,000. At the time Whitestone held several mortgages on the Moke property, securing total indebtedness of $38,090. Following the fire, Moke apparently defaulted in payments and Whitestone foreclosed the mortgage. By the time of the foreclosure sale on April 2, 1971, Moke’s debt had risen to $50,488.13, including taxes, interest, and costs of the foreclosure action and sale. At the sale, Whitestone itself had bought the property for $26,000, leaving a difference of $24,488.13 between the mortgage debt and the amount it realized on the sale. It took a deed April 19, 1971 and never moved for a deficiency judgment. Now, Whitestone wants to apply the insurance proceeds to make up the deficiency; Moke wants to collect all the insurance money itself.
The Court of Appeals in Whitestone v Allstate (supra, p 335), contrasting the situation where the bank bought the property for the whole amount of the debt, said, the bank "could have bid less, thus leaving a deficiency for which the mortgagor would be obligated and from which there would survive an insurable interest.”
The point of reference is section 1371 of the Real Property Actions and Proceedings Law under which a mortgagee can enter a deficiency judgment which will enable it to recover from the mortgagor the amount by which the foreclosure sale failed to satisfy the debt. Indeed, had the bank properly entered a deficiency judgment, it would likely have been entitled to the insurance proceeds up to the amount of the *398 deficiency. But, fatally, it failed to move to enter a deficiency judgment following the foreclosure sale. A creditor must move to enter a deficiency judgment within 90 days of the delivery of the deed. That time has long since passed.
Section 1371 also provides that if no motion for a deficiency judgment is made, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.” (See, Bedcro Realty Corp. v Title Guar. and Trust Co., 290 NY 520.) Satisfaction of the debt, as established by this statute, extinguishes Whitestone’s claim to these insurance proceeds. By failing to move for a deficiency judgment within the short period of limitation provided by the statute, Whitestone missed its opportunity to collect on the fire policy.
Significantly, we do not know that Whitestone would have received permission to enter a deficiency judgment even if it had moved on time. A deficiency judgment can only be entered in an amount equal to the total debt due less the greater of either the sale price of the property or the actual market value of the property. If the mortgaged property was determined to be worth at least the amount of the total debt, the bank could have no deficiency judgment and no right to further recovery on the debt, no matter how small the ostensible price at the foreclosure sale. (Guaranteed Title and Mtge. Co. v Scheffres, 246 App Div 532, revd on other grounds 247 App Div 294.)
Whitestone also claims that section 1371 of the Real Property Actions and Proceedings Law impairs the obligations of the fire insurance contracts in violation of section 10 of article I of the United States Constitution. This argument is more makeweight than weighty. Under all the relevant contracts in the case, loss is payable to the mortgagee, Whitestone, "as interest may appear.” The mortgagee’s interest is coextensive with the debt it is owed. Section 1371 did not wipe out a debt that was due Whitestone, but rather specified the remedy for enforcing that debt. By failing to use the remedy as prescribed by law, Whitestone in effect acknowledged that its debt had been satisfied by its taking the property. Whitestone’s remedy under the insurance contract was simply conditioned, in part, on timely assertive action. The statute is not unconstitutional. (See, Tompkins County Trust Co. v Herrick, 171 Misc 929; *399 Ostelic Val. Nat. Bank of South Ostelic v Dapson, 170 Misc 514.)
In sum, section 1371 of the Real Property Actions and Proceedings Law applies to our case, and by its operation establishes the full satisfaction of the mortgage debt. The key to the mortgagee’s rights (according to the Court of Appeals in Whitestone v Allstate, supra) is in the termination of the mortgagee’s insurable interest through the extinction of the debt. Since there is no longer any debt, the property owner, Moke, and not the bank, is entitled to the insurance proceeds. (See, Zawadzki v New York Prop. Ins. Underwriting Assn., NYLJ, Sept 17, 1974, p 18, col 7.)
Settle judgment on notice, including appropriate directions for distribution of the insurance proceeds.