CHARLES SELIGSON, as Trustee of the Estate of IRA HAUPT & Co., a Limited Partnership, Bankrupt, Plaintiff, v CHASE MANHATTAN BANK, NATIONAL ASSOCIATION, Defendant.

CHASE MANHATTAN BANK, Plaintiff, v CHEMICAL BANK NEW YORK TRUST COMPANY, Respondent, and CENTRAL STATE BANK, Appellant.

First Department, December 18, 1975

*Martin E. Silfen* of counsel *(Peirez, Ackerman & Levine,* attorneys), for appellant.

*Harold N. Schwinger* of counsel *(Zalkin, Rodin & Goodman,* attorneys), for respondent.

MURPHY, J. In these two actions seeking recovery on forged checks, heretofore consolidated for trial, defendant Central State Bank (Central) in Action No. 2 appeals from an order (and from the judgment entered thereon), *inter alia,* granting the motion of codefendant Chemical Bank New York Trust Company (Chemical) to dismiss its cross claim.

The essential facts are not in dispute. In November, 1962, Ira Haupt & Co. (Haupt), now bankrupt, drew two checks on its account at the Chase Manhattan Bank, N. A. (Chase), aggregating $78,165.45 (the Haupt checks), payable to the order of certain fiduciaries.

The payees' names were forged by a Joseph Gil who then opened an account with the Haupt checks in his own name at Central. In the normal course of events and through regular banking channels, Central, through its clearing bank, Chemical, presented the checks, upon which they both placed their respective indorsements, to Chase for payment. Chase honored these checks and debited Haupt's account accordingly.

Several days later, Gil presented a check for cash payment in the amount of the original deposit. Perhaps suspecting something, Central refused cash payment and insisted, instead, that Gil draw two checks on his account payable in the same amounts and to the same payees as the original Haupt checks. Two such checks (the Gil checks) were so drawn on December 18, 1962, certified by Central and, by happenstance, used by Gil to open a new account at a branch of Chemical. Central paid the checks upon presentation through regular banking channels.

Plaintiff, as trustee in bankruptcy of Haupt, sued Chase (Action No. 1) to recover the sum of $78,165.45 by reason of Gil's alleged forgery of the payees' names on the Haupt checks and Chase's failure to recredit such amount to Haupt's account or to pay said sum to him. This action was commenced by the service of a summons only on November 5,

1968 (prior to the expiration of the applicable six-year Statute of Limitations [CPLR 213, subd 2]).

Action No. 2, also instituted by service of a summons only (on Nov. 1, 1968), was brought by Chase to recover the same amount from Chemical and Central, predicated on their indorsements on the Haupt checks which included their guarantee of all prior indorsements and warranty of good title thereto.

Both actions were then permitted to lie dormant for several years while plaintiff trustee sought payment through arbitration against a third party. The complaint in Action No. 1 was served on March 30, 1972 and Chase's answer was served on August 29, 1972. Chase's complaint in Action No. 2 was served on Central on August 28, 1972 and on Chemical on November 5, 1973.

Chemical served its answer on December 11, 1973 and Central served its responsive pleading on January 5, 1973. Each of the answers interposed in Action No. 2 contained a cross claim: Chemical claiming that, as Central's clearing bank, it relied upon Central's guarantee of the prior indorsements of the payees' signatures on the Haupt checks; with Central contending that Chemical was similarly liable on the Gil checks and, further, that it was entitled to recoup the amount of said checks in order to satisfy any judgment which Chase might recover as against it.*

Chemical moved below to dismiss Central's claim as time-barred and Central cross-moved to dismiss such defense to its cross claim. Special Term correctly held that the six-year statute applied to Central's cross claim on the Gil checks. It then refused to apply the doctrine of relation back (CPLR 203, subd [c]) on the theory that Central was suing on the Gil checks while the plaintiffs in the two actions were suing on the Haupt checks and "[t]he doctrine will revive an otherwise time-barred claim only if the transaction asserted in the cross claim arose from the same transaction as the claim asserted in the complaint." We agree with the conclusion reached by

---

* On November 13, 1968, Central commenced an action against Gil and Chemical on the Gil checks by service of a summons with notice. Chemical appeared and demanded a copy of the complaint on December 13, 1968. Central obtained a 10-day extension of its time to serve a complaint, but did not seek or obtain a stipulation further extending its time to do so and apparently never served a complaint in that action.

the learned Justice below, but not completely with his rationale.

CPLR 203 provides, in pertinent part:

"(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when:

"1. the summons is served upon the defendant; * * *

"(c) Defense or counterclaim. A defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed."

The subject of CPLR 203 (subd [c]) is defenses and counterclaims. The essence of a defense is resistance to a cause of action, which cause may be asserted in a complaint, a counterclaim or a cross claim.

In a counterclaim, a cause of action is generally asserted by one or more defendants against one or more *plaintiffs* and other persons alleged to be liable. (CPLR 3019, subd [a].) In contrast, a cross claim is asserted against one or more *co-defendants* and others also alleged to be liable. (CPLR 3019, subd [b].)

Since CPLR 203 (subd [c]) speaks only of defenses and counterclaims, it would appear to have no application to cross claims. Yet, Special Term implicitly proceeded on the theory that a cross claim was included within the purview of said section, but disqualified appellant's cross claim from its saving provision on the ground that the claim on the Gil checks did not arise out of the same transaction, etc., as the complaints based on the Haupt checks.

However, Special Term apparently overlooked the fact that both actions were timely commenced by the service of a summons before the six-year Statute of Limitations had run. Accordingly, if Central's claim was truly a counterclaim, it was not time-barred when Chase's complaint in Action No. 2 was deemed served. (CPLR 203, subd [b], par 1.) The consideration of similarity of transaction and occurrence is relevant

only when the defense or counterclaim was barred at the time of the interposition of the complaint and is alleged only as a setoff "to the extent of the demand in the complaint". (CPLR 203, subd [c].)

But Central's pleaded cause was not a counterclaim, since it was not asserted against Chase. Nevertheless, and despite the apparent legislative oversight, we see no reason why CPLR 203 (subd [c]) should not apply to cross claims; particularly since "[a] cause of action contained in a counterclaim or a cross claim shall be treated, as far as practicable, as if it were contained in a complaint". (CPLR 3019, subd [d].)

This judicial extension of the statute, however, will not save Central's cross claim because, and here we agree with Special Term, Central's claim on the Gil checks (which was barred by the Statute of Limitations when Chemical asserted its cross claim) is unrelated to the claims of Chase and Chemical on the Haupt checks. Indeed, the point is underscored by the sheer fortuity of circumstance which led Gil to deposit the second checks in a branch of Chemical.

Appellant's reliance on *Styles v Gibson* (27 AD2d 784) and *Title Guar. & Trust Co. v Hicks* (283 App Div 723) is misplaced. In *Styles,* the doctrine of relation back was applied precisely as envisioned in CPLR 203 (subd [c]); and in the *Title Guar. & Trust Co.* case (which was decided under former Civ Prac Act, § 61), the court allowed a defense and counterclaim arising out of the same transaction, though time-barred by the then applicable statute, to be asserted as a plea for equitable recoupment.

Central's assertion that if its cross claim is time-barred so is Chemical's, for the same reason, ignores the fact that Chemical's claim is grounded on indemnity; and the period of limitations for indemnification does not even begin to run until the indemnitee has paid the obligation. (28 NY Jur, Indemnity, § 33.)

Finally, we agree with Special Term that there is nothing in the instant record to justify invoking the doctrine of estoppel against Chemical. (Cf. *Matter of Finkelstein [Harris],* 17 AD2d 137.)

Accordingly, the order of Supreme Court, New York County (MARKOWITZ, J.), entered July 29, 1975, and the judgment of said court entered thereon on August 4, 1975 should be affirmed, with costs.

MARKEWICH, J. P., KUPFERMAN, and NUNEZ, JJ., concur.

Order, Supreme Court, New York County, entered on July 29, 1975, and the judgment entered thereon on August 4, 1975, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of these appeals.