■    MOKE REALTY CORPORATION, Appellant, v RICHARD BRUCKNER, as President of the New York Property Insurance Underwriting Association, Respondent.—In an action *inter alia* to recover on a tentative binder of fire insurance, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered May 12, 1975, which granted defendant's application for summary judgment upon submission of an agreed statement of facts and the exhibits submitted therewith. Judgment affirmed, with $50 costs and disbursements. The "Plan of Operation" and the "Outline of Procedure" of the New York Property Insurance Underwriting Association (the Association) govern the effective date of fire and extended coverage insurance. Pursuant to these documents, when the Association fails to inspect a property, or fails to act on an inspection already made, within 17 days of its receipt of the insurance application, then, upon payment of the estimated premium, it will issue a binding receipt. The fact that the findings of an inspection made within this period have been recorded on a form and that this form has been sent to the office of the Association does not constitute the "act on an inspection already made" contemplated by the plan. The only act logically relevant would be notification to the applicant (based upon the inspection) of declination or approval, as spelled out more specifically in the Association's "Outline of Procedure". Absent such notification, the applicant must wait 17 days after receipt of his application by the Association before it can be deemed to be insured. Here, although there was an inspection of the premises, no action had been taken thereon by the Association. Therefore, the earliest day coverage could begin was March 16, 1970, 17 days after the Association's receipt of the application. There was, therefore, no insurance coverage in effect on the day of the fire, March 14, 1970. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.

■    MOKE REALTY CORPORATION, Respondent, v WHITESTONE SAVINGS & LOAN ASSOCIATION, Appellant.—In an action to recover the proceeds of certain fire insurance policies being held by defendant as escrow agent, defendant appeals from a judgment of the Supreme Court, Nassau County, entered August 26, 1975, which is in favor of plaintiff, upon a stipulation of facts and the exhibits submitted therewith. Judgment affirmed, with $50 costs and disbursements, upon the opinion of Mr. Justice Harnett at Trial Term. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur. [82 Misc 2d 396.]