Memorandum. The order of the Appellate Division should be affirmed.
 

 In this action to recover double indemnity benefits under two life insurance policies issued by defendant, the sole issue
 
 *479
 
 is whether, upon conversion of the policies to paid-up insurance, the double indemnity provisions continued in existence.
 

 Following an exchange of letters with the insured, it was mutually agreed that the policies were to be converted to paid-up insurance and defendant issued an endorsement to each policy which provided that "in accordance with the election made by the owner”, the face value would be reduced to a certain sum "payable at the same time and under the same conditions as this policy but without further payment of premiums”.
 

 Defendant asserts that the election referred to in the endorsement pertains to the insured’s right under a surrender or lapse clause in the policy which, if applicable, would eliminate double indemnity coverage from the policies. This contention must be rejected. At best, the endorsement is ambiguous as to whether "the election made by the owner” was under the surrender or lapse clause, or was an election which, by the exchange of letters, preserved the terms of the original policies. Lending credence to the latter and preferred position is the fact that the insurer does not claim there was any default in the payment of premiums. Additionally, even if the intention of the parties with respect to the election contained in the endorsement was found to be ambiguous, such ambiguity, under established rules of construction, must be resolved in favor of the insured
 
 (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,
 
 34 NY2d 356, 361;
 
 Walters v Great Amer. Ind. Co.,
 
 12 NY2d 967, 968-969;
 
 Sincoff v Liberty Mut. Fire Ins. Co.,
 
 11 NY2d 386, 390-391; see 29 NY Jur, Insurance, §§ 617, 619, pp 607, 609).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.