Ambrose **COPPOTELLI**, Dominick **Coppotelli** and Frank **Coppotelli**, Plaintiffs,

v.

**INSURANCE COMPANY OF NORTH AMERICA et al., Defendants.**

**No. 77 C 610.**

United States District Court, E. D. New York.

Feb. 29, 1980.

Lifshutz & Polland, New York City, for plaintiffs, by Joseph K. Gormley, Elliot R. Polland, New York City.

Whitman & Ransom, New York City, for defendant INA, by Frederic R. Mindlin, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action, removed from New York Supreme Court, Richmond County, by reason of diversity of citizenship, is now before the court on defendant Insurance Company of North America's ("INA") motion for summary judgment pursuant to Rule 56, F.R. Civ.P., dismissing the complaint and for a declaration that it is not liable to Ambrose Coppotelli, Inc. ("ACI") on a fire insurance policy issued to ACI as the named insured. Plaintiffs ("Coppotellis") in this action held, at certain times relevant hereto, a third mortgage interest in the property covered by INA's fire insurance policy and cross-move for summary judgment on their complaint. For the following reasons, INA's motion for summary judgment is granted and plaintiffs' cross-motion denied; INA's motion for a declaration that INA is without liability to ACI is also granted.

The fire insurance policy INA issued to ACI named Richmond County Savings Bank as first mortgagee on a tavern property owned by ACI, Community National Bank as second mortgagee and the Coppotellis as third mortgagees. Despite the similarity of the names of the named insured ACI and the third mortgagee plaintiffs, plaintiffs had no interest in ACI at the time the policy was issued other than the aforesaid third mortgage interest. Shortly thereafter, plaintiffs, as holders of the third mortgage interest, commenced a foreclosure action against ACI. On or about November 24, 1976, a judgment of foreclosure and sale was entered foreclosing the third mortgage, and on or about January 5, 1977, a referee's sale was held at which plaintiffs purchased the property for $125,000, substantially below their mortgage interest and subject to the interests of the first and second mortgagees.

On or about February 3, 1977, before a referee's deed was delivered to plaintiffs, a fire occurred at the tavern premises. On February 25, 1977, the referee's deed was delivered to plaintiffs and duly recorded No deficiency judgment was sought or obtained by plaintiffs in the foreclosure action. Plaintiffs commenced this action approximately six weeks after the fire occurred.

In December 1978, INA made payment to the first and second mortgagees named in the insurance policy to the limit of the policy coverage, namely $360,000. Claiming that it had no liability to ACI, the named insured, INA took a full assignment of the first bond and mortgage and a partial, subordinate, assignment of the second bond and mortgage pursuant to a standard subrogation clause in the INA insurance policy, which provided that:

"Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefore existed, the company shall to the extent of such payment, be legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held in collateral to the mortgage debt, or may at its opinion pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest accrued, and shall thereupon receive a full assignment and transfer of the mortgage and of all other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim;"

Plaintiffs in this action resist INA's right to subrogation and claim an interest in the property superior to any which INA might possess.

■ INA claims entitlement to summary judgment on the ground that the Coppotellis by their own acts have extinguished their mortgage and mortgage debt and therefore can no longer lay claim under the INA insurance policy. It suggests that plaintiffs' failure to seek and obtain a deficiency judgment after they recovered a sum substantially less than their mortgage interest at the referee's sale leads to a statutorily created conclusive presumption that the proceeds received from the foreclosure sale satisfied the mortgage debt. New York Real Property Actions & Proceedings Law § 1371(3) explicitly provides that:

> "If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

See *Statewide Savings & Loan Association v. Canoe Hill, Inc.*, 54 A.D.2d 1018, 388 N.Y.S.2d 188 (3d Dept. 1976), *aff'd*, 44 N.Y.2d 843, 406 N.Y.S.2d 755, 378 N.E.2d 118 (1976). See also *Merchants Nat. Bank & Tr. Co., etc. v. Wagner*, 93 Misc.2d 224, 402 N.Y.S.2d 936 (Sup.Ct. Oswego Co. 1978). In light of this provision, plaintiffs' contention that they maintain an interest in the insurance policy which precludes the subrogation rights INA seeks upon payment on the policy is wholly without merit.

In circumstances similar to the present case, the New York State courts have held that the failure to enter a deficiency judgment precluded a mortgagee from collecting under a fire insurance policy even though the amount realized on the foreclosure sale was only half the mortgage debt. *Moke Realty Corp. v. Whitestone Savings & Loan Association*, 82 Misc.2d 396, 370 N.Y.S.2d 377 (Sup.Ct. Nassau Co. 1975), *aff'd*, 51 A.D.2d 1005, 382 N.Y.S.2d 289 (2d Dept. 1976), *aff'd*, 41 N.Y.2d 954, 394 N.Y.S.2d 881, 363 N.E.2d 587 (1977). In *Moke*, as here, the mortgagee had purchased the property at the foreclosure sale. Relying on the presumption created by RPAPL § 1371(c), the court stated,

> "[i]ndeed, had the bank [the mortgagee] properly entered a deficiency judgment, it would likely have been entitled to the insurance proceeds up to the amount of the deficiency. But, fatally, it failed to move to enter a deficiency judgment following the foreclosure sale." 370 N.Y. S.2d at 380.

Since "the key to the mortgagee's rights is in the termination of the mortgagee's insurable interest through the extinction of the debt," *Moke Realty, supra*, 82 Misc.2d at 399, 370 N.Y.S.2d at 381, it is clear plaintiffs no longer have an insurable interest under the INA policy and thus can make no claim on that policy.

■ Finally, the court finds no support in the record for plaintiffs' argument that they, rather than ACI, were intended to be the named insured on the policy. It suffices to note that the insurance policy is unambiguous in designating ACI as the intended insured. The law is clear that the terms and conditions of the insurance policy must be construed in the same manner as any other contract, *Davis v. Block & Smith*, 297 N.Y. 20, 74 N.E.2d 220 (1947); *Drennan v. Sun Indemnity Co. of New York*, 244 A.D. 571, 280 N.Y.S. 723, *aff'd*, 271 N.Y. 182, 2 N.E.2d 534 (1935), and courts must give unambiguous terms their plan and ordinary meaning and refrain from rewriting the parties' agreement, *Government Empire Insurance Co. v. Kligler*, 42 N.Y.2d 863, 397 N.Y.S.2d 777, 366 N.E.2d 865 (1977); *Austrian v. Equitable Life Assurance Society of U.S.*, 48 A.D.2d 144, 368 N.Y.S.2d 201 (1st Dept. 1975), *aff'd*, 39 N.Y.2d 477, 384 N.Y. S.2d 418, 348 N.E.2d 893 (1976). The argument therefore is without merit.

■ INA also seeks a declaration that it has no liability to ACI as a matter of law because any claim against it would be barred by the applicable statute of limitations. While claiming other factual defenses to liability to ACI, INA contends its limitations defense requires no factual de-

terminations that would bar a summary judgment in these circumstances. It points to § E5(e)(1) of the fire insurance policy, as modified by New York Insurance Law § 168, which establishes a two-year period of limitation for suits by an insured under a fire insurance policy.

This period of limitations has been construed to begin at the time of the fire, *Proc v. Home Insurance Co.*, 17 N.Y.2d 239, 270 N.Y.S.2d 412, 217 N.E.2d 136 (1966), in this case on February 3, 1977. No action has yet been brought by ACI, and the two-year period has long passed. Thus, it appears that INA can have no liability to ACI and is entitled to be subrogated to the rights of the first and second mortgagees to the extent paid, pursuant to the subrogation clause of that policy.

Plaintiffs seek to avoid this conclusion by claiming that they were in reality the owners or mortgagors of the property and that this action tolled the statute of limitations on ACI's claim. Neither argument has merit. As mentioned above, we reject out of hand plaintiffs' contention that they were intended to be named in the insurance policy or that they were in reality the owners of the property. The unambiguous policy disposes of that claim.

Plaintiffs' alternative claim that ACI's time to bring suit was tolled by institution of this action is premised on the theory that a claim by ACI in *this* suit would relate back to its institution and would thus be timely under New York Civil Practice Law and Rules § 203(c). Here, ACI was named in the action as a defendant. A cross-claim by ACI asserted against INA relating back to the date this action was instituted would appear timely under this rule. See also *Seligson v. Chase Manhattan Bank*, 50 A.D.2d 206, 376 N.Y.S.2d 899 (1st Dept. 1975). The argument is defective, however, since ACI was apparently never served nor did it appear in this action to assert such a cross-claim. Plaintiffs' citation of authority to support the relation back doctrine is therefore not particularly helpful. See *Southern Tier Cooperative Insurance Co. v. Coon*, 53 A.D.2d 970, 385 N.Y.S.2d 830 (3rd Dept. 1978).

Plaintiffs here seek to obtain a benefit—namely, precluding the subrogation INA seeks—by having merely named ACI as a defendant in this action. They have made, as far as the record reveals, no effort to serve ACI and bring it actively into the litigation. Nor does the record reveal that ACI has made any effort to assert their alleged rights against INA on the insurance policy within the statutory period. In these circumstances, plaintiffs' contention that ACI has preserved a claim sufficient to deprive INA of subrogation rights at this time as between plaintiffs and INA is hollow.

We have considered plaintiffs' other arguments and find none has merit. Accordingly, INA's motion for summary judgment dismissing the complaint is granted, as is its motion for a declaration of non-liability under the policy of insurance issued to ACI.

SO ORDERED.