■ AMERICAN SAVINGS AND LOAN ASSOCIATION, Respondent-Appellant, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent.—Judgments, Supreme Court, New York County, entered on August 22, 1978 and entered on May 9, 1979, in favor of the plaintiff, unanimously reversed, on the law, with costs and disbursements, and the complaint dismissed with prejudice; the appeal from the order of said court, entered on November 3, 1978, is dismissed as academic, without costs, and the cross appeal taken by the plaintiff-respondent from the aforesaid judg-

ment entered on August 22, 1978 is dismissed as abandoned, with costs to defendant. Contrary to the finding at trial, we conclude that defendant's title closer was not negligent in omitting as an exception the items in the title report which showed that the property on which plaintiff intended to be a first mortgagee was listed in an in rem foreclosure action instituted by New York City for delinquent taxes. The report disclosed that the action was filed February 11, 1975. Satisfactory proof was submitted to the title closer at the closing on June 21, 1975 that the taxes in question had been paid on April 11, 1975. Such payment effectively nullified the city's right to proceed with the action and justified the closer's omission of the exception. The fact that the city thereafter erroneously continued the proceeding (which it later abandoned) and that because of such proceeding the purchaser of the property refused to make payments under the first mortgage, did not make the actions of the closer acts committed without due care. It is plaintiff's claim that because of the alleged negligence of defendant, plaintiff's mortgage was an unenforceable first lien on the property, thus entitling plaintiff to recover from defendant the full amount of the mortgage and interest. It appears, however, that the lien was a valid and enforceable first mortgage. The court takes judicial notice of Kings County Clerk's office file in the matter of *American Sav. & Loan Assn. v Harrell* (Index No. 18586/1979). The contents of the file indicate that during the pendency of this appeal, the mortgagee commenced and completed a foreclosure action with respect to the property. Judgment of foreclosure was entered on February 8, 1980. On March 19, 1980, at the foreclosure sale, plaintiff purchased the property and obtained a referee's deed. The judgment of foreclosure provided that in the event the purchase at the foreclosure sale was for an amount less than due on the mortgage debt, a motion for a deficiency judgment against the mortgagor could be made as prescribed in RPAPL 1371 within the time limit therein (90 days after delivery of the deed). Although plaintiff purchased the property for less than the amount due on the mortgage, the file does not disclose any motion for a deficiency judgment. Accordingly, in such circumstances the acquisition of the property by plaintiff constituted full satisfaction of the mortgage debt. (RPAPL 1371, subd 3; see *Moke Realty Corp. v Whitestone Sav. & Loan Assn.,* 82 Misc 2d 396, 397-398, affd 51 AD2d 1005, affd 41 NY2d 954; see, also, *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332, 335.) For the reasons stated in this memorandum, we hold that plaintiff is not entitled to any damages herein. Concur—Birns, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.