631 F.2d 146
 Ambrose COPPOTELLI, Dominick Coppotelli, and Frank
Coppotelli, Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA, A. I. Credit Corp.,
Ambrose Coppotelli, Inc., Richmond County Savings
Bank, and Community National Bank,
Defendants-Appellees.
A. I. CREDIT CORP., Defendant & Third-Party Plaintiff,
v.
COVERAGE CONSULTANTS, INC., Third-Party Defendant.
No. 71, Docket 80-7267.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 5, 1980.
Decided Nov. 7, 1980.
 
 Lifshutz & Polland, New York City, of counsel, for plaintiffs-appellants.
 Whitman & Ransom, New York City, of counsel, for defendant-appellee Insurance Co. of North America.
 Finley, Kumble, Wagner, Heine & Underberg, New York City (Jerome Kowalski, New York City, of counsel), for defendant-appellee Community Nat. Bank.
 Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 The three named plaintiffs/appellants, Ambrose, Dominick and Frank Coppotelli (the Coppotellis) brought a declaratory judgment action in the New York State Supreme Court, Richmond County against the Insurance Company of North America (INA) and the other named defendants seeking in substance a declaration that a fire insurance contract which INA had issued was in full force and effect on February 3, 1977. In addition, the plaintiffs sought damages against INA of $361,000, the face amount of the policy, plus interest. In view of diversity of citizenship the action was removed to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1441. INA thereupon moved pursuant to Rule 56, Fed.R.Civ.P. for summary judgment dismissing the complaint and further moved for a declaration that it was not liable to Ambrose Coppotelli, Inc. (ACI), the named insured in the policy. By memorandum and order dated February 29, 1980, D.C., 484 F. Supp. 1327, Hon. Edward R. Neaher, the District Court granted INA's motion to dismiss the complaint as well as its motion for a declaration of non-liability to ACI. This appeal followed. We affirm the dismissal of the complaint but reverse the order in so far as it grants the declaratory judgment of non-liability to ACI.
 
 
 2
 * INA issued a Retailers and Wholesalers Policy which provided for coverage in the event of fire for a one year term commencing on August 25, 1976. The property covered was the Tavern on the Green, a restaurant in Staten Island, and ACI was designated as the named insured. The policy contained the usual New York Standard Mortgagee Clause[1] and named the defendants Richmond County Savings Bank (Richmond) as the first mortgagee and Community National Bank (Community) as the second mortgagee. The Coppotellis were listed as third mortgagees. The Coppotellis had been the sole owners of the stock of ACI but sold all of their shares to third parties in April 1974, totally relinquishing ownership and control of the restaurant, which continued to be held in the corporate name ACI. In addition to cash the Coppotellis received at the time of sale a note in the principal sum of $790,000. The note was secured by a mortgage on the property that was expressly subordinated to Richmond, which held a first mortgage of some $200,000 and to Community, which held a second mortgage in the amount of approximately $400,000.
 
 
 3
 In the summer of 1976 ACI apparently experienced financial difficulties, and at Richmond's and Community's insistence the Coppotellis procured the policy in question and paid the premium. The Coppotellis brought a foreclosure action on September 21, 1976 in the Supreme Court of New York, County of Richmond. On November 24, 1976 a judgment of foreclosure and sale was entered in the principal amount of some $827,000. On January 5, 1977 the Coppotellis purchased the property for $125,000 at a referee's sale subject to the first and second mortgages. On February 3, 1977 while the policy was in effect a fire loss occurred at the tavern. On February 25, 1977 the referee's deed was delivered to the Coppotellis and duly recorded. However, no deficiency judgment was sought or obtained by them in the foreclosure action. In December 1978, after this suit was commenced, INA paid the full amount of the policy to the first and second mortgagee banks as required by the standard mortgagee clause. INA, claiming no liability to ACI, the named insured, then took a full assignment of the first bond and mortgage and a partial assignment of the second bond and mortgage, in compliance with the terms of a subrogation clause in the policy.[2]II
 
 
 4
 It is undisputed that in this diversity action the law of the State of New York governs the interpretation of the policy at issue and the rights and obligations of the parties.
 
 
 5
 The Coppotellis claim that the policy erroneously referred to ACI as the named insured and that the Coppotellis were intended to be the insured parties. Aside from the Coppotellis' failure to seek reformation in the pleadings, the theory of the complaint was that the Coppotellis as third mortgagees named in the policy had an insurable interest which precluded INA from becoming subrogated to the first and second mortgagee interests. The policy is clear and unambiguous in describing ACI as the named insured, and ACI was undeniably the owner of the premises at the time the policy was procured. Moreover the policy explicitly identifies the Coppotellis as well as the banks as mortgagees. ACI in fact filed proofs of loss with INA after the fire occurred. We agree with the District Court that no material question of fact was raised which would permit a reformation of the policy under these circumstances.
 
 
 6
 The Coppotellis' claims of rights against INA in their capacity as mortgagees are foreclosed by New York case law which is directly in point. In Moke Realty Corp. v. Whitestone Savings & Loan Ass'n, 82 Misc.2d 396, 370 N.Y.S.2d 377 (Sup.Ct. Nassau Co. 1975), aff'd, 51 App.Div.2d 1005, 380 N.Y.S.2d 761 (2d Dept.1976), aff'd, 41 N.Y.2d 954, 394 N.Y.S.2d 881, 363 N.E.2d 587 (1977) a mortgagee foreclosed its mortgage after a fire when the mortgage debt was about $50,000. After entry of the judgment of foreclosure, the mortgagee bought the property at a referee's sale for $26,000. The mortgagee, however, never sought to enter a deficiency judgment with respect to the balance. Under New York statutory law, if no motion for a deficiency judgment is made within ninety days after delivery of the referee's deed, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." N.Y.R.P.A.P.L. § 1371(2) & (3) (McKinney). The court in Moke interpreted the statute to deprive the mortgagee of any right to collect under the policy.
 
 
 7
 It is conceded here that upon the foreclosure of the third mortgage the Coppotellis did not seek to obtain any deficiency judgment within the 90 day period permitted by section 1371(2).
 
 
 8
 It might be argued that the Coppotellis' rights as mortgagees should be fixed at the time of the fire on February 3, 1977. The foreclosure sale occurred on January 5 and the ninety day period within which to move for a deficiency judgment had not yet expired. However, this argument was raised and specifically rejected in Whitestone Savings & Loan Ass'n v. Allstate Ins. Co., 28 N.Y.2d 332, 337, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971) as "legalistic." According to the court, the contention that the mortgagee's rights should be frozen as of the date of loss "overlooks the power of the obligee to alter the obligation in his behalf." Id.. Here, the Coppotellis could have altered the obligation to reflect the fire loss by seeking a deficiency judgment at any time for more than two months following the fire. We conclude that the District Court properly rejected the Coppotellis' claims as mortgagees under the applicable law of New York State.
 
 
 9
 The District Court granted INA's motion for a declaration of non-liability on the policy to ACI on the ground that ACI had failed to bring an action within the two year period of limitation fixed in the policy and by New York Insurance Law § 168 (McKinney Supp. 1979-1980). However, although ACI was named as a defendant in this case, it was never served and never appeared. It is well settled under both state, United Servs. Auto. Ass'n v. Graham, 21 A.D.2d 657, 249 N.Y.S.2d 788 (1st Dept.1964) and federal law, Diamond Shamrock Corp. v. Lumbermens Mutual Cas. Co., 416 F.2d 707, 710 (7th Cir. 1969) that an interested party to a declaratory judgment action who has not been joined as a party is not bound by the adjudication.
 
 
 10
 The order below is affirmed in part and reversed in part in accordance with this opinion.
 
 
 
 [1]
 The policy's mortgagee clause states:
 Loss of damage, if any, to buildings under this policy shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises, for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.
 
 
 [2]
 The subrogation clause provided:
 Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, the Company shall to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.