STUART C. GOLDBERG, Respondent, v SITOMER, SITOMER & PORGES et al., Appellants, et al., Defendant.

First Department, November 29, 1983

APPEARANCES OF COUNSEL

*Harold Davis* and *Paul B. Garland* of counsel (*Davis & Davis,* attorneys), for Jacob Aschkenasy, appellant.

*Alan Kanzer* of counsel (*George Berlstein* with him on the brief; *Walter, Conston & Schurtman, P. C.,* attorneys), for Empire Fire and Marine Insurance Company and others, appellants.

*Robert E. Meshel* of counsel (*Timothy P. Butler* with him on the brief; *D'Amato & Lynch,* attorneys), for Sitomer, Sitomer & Porges and others, appellants.

*Harry E. Youtt* for respondent.

OPINION OF THE COURT

SILVERMAN, J.

These are appeals from orders of the Supreme Court, Special Term, denying defendants' motions to dismiss the complaint on the grounds of Statute of Limitations and failure to state a cause of action.

Plaintiff, a lawyer, alleges that he was employed as an associate by the law firm of the defendants Sitomer, Sitomer and Porges; that in the course of his work he was called upon to participate in the preparation of a registration statement for filing with the Securities and Exchange Commission on behalf of the corporate defendant Empire, a client of the firm; that the nature of the retainer agreement between Empire and the firm was misrepresented to him, and that it was therefore inaccurately stated in the registration statement; that when he found out about the inaccuracy and defendants refused to correct it, he resigned his position with the firm, and on January 22, 1973 he went to the Securities and Exchange Commission himself and made a full disclosure. In this action he claims damages by reason of the defendants having caused him to be involved in a false registration statement with the result that (a) some persons thought he had knowingly participated in the making of such a false statement, and (b) that other firms would not employ him, either for that reason, or because they thought he was a "whistle blower".

■ The claims in the complaint in reality are claims for defamation or "false words causing special damages" governed by the one-year Statute of Limitations of CPLR 215 (subd 3). The controlling case is *Morrison v National Broadcasting Co.* (19 NY2d 453). The Court of Appeals said (pp 458-459): "The broad reach of the common-law cause of action for defamation is indicated in the Restatement of Torts. 'A communication is defamatory', its authors have written (§ 559), 'if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' Thus, unlike most torts, defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished. This is borne out by Comment *a* to section 559, where it is noted that 'The word "communication" is used to denote the fact that one person has brought an idea to the perception of another.' In the case before us, the plaintiff complains, in effect, that the defendants' conduct 'brought an idea' that he was dishonest 'to the perception' of the general public."

Here the entire injury complained of by plaintiff flows from the effect on his reputation — what people thought about him — either (a) falsely as having knowingly participated in having made a false registration statement with respect to a public issue of securities, or (b) truly as a "whistle blower", one who would not remain silent when he discovered wrongful and unethical conduct by his associates, at least with respect to matters in which he was involved. Each cause of action in the complaint defines the damage to plaintiff in terms of paragraph 29 of the complaint, which in turn recites damages all arising from injury to his reputation, i.e., in essence that the actions complained of tended "so to harm the reputation of [plaintiff] as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." (19 NY2d, at p 458.)

It does not matter that plaintiff chose to call his claims "tort of injurious involvement", "fraud", "breach of warranty", and "fraudulent inducement". As the Court of Appeals said in *Morrison v National Broadcasting Co.*

(*supra,* p 459): "In applying a Statute of Limitations, this court declared some years ago, 'We look for the reality, and the essence of the action and not its mere name.' (*Brick v. Cohn-Hall-Marx Co.,* 276 N. Y. 259, 264.) Concluding as we do that this cause of action sounds in defamation, it would be highly unreal and unreasonable to apply some Statute of Limitations other than the one which the Legislature has prescribed for the traditional defamatory torts of libel and slander * * * A contrary result might very well enable plaintiffs in libel and slander cases to circumvent the otherwise short limitations period by the simple expedient of 'redescribing [the] defamation action to fit this new "noncategory" ' of intentional wrong."

Two of the items of damages, alleged in paragraph 29 of the complaint, are alleged to flow from conduct of defendants after January 22, 1973. These are the items in subdivisions (c) and (d) of paragraph 29 of the complaint, that plaintiff "became the brunt of a malicious campaign of vilification and ridicule directed by" certain of the defendants, and that plaintiff "became the subject of numerous assertions" initiated by those defendants to the effect that he had been a knowing and culpable wrongdoer in the securities law violations. These allegations, however, fail to state a cause of action because they do not comply with the requirements of CPLR 3016 (subd [a]) that in libel and slander cases "the particular words complained of shall be set forth in the complaint", nor with the requirement of CPLR 3013 that: "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

With these two exceptions the remainder of the claims all relate to conduct of the defendants complete and known to plaintiff (and disclosed by him to the Securities and Exchange Commission) by January 22, 1973 so that the cause of action accrued not later than that date. The present action was begun on April 15, 1979, more than six years after the claim accrued.

The Statute of Limitations, as we have said, is one year. However, under CPLR 205 (subd [a]), if a previous

action had been timely commenced by plaintiff and terminated in any other manner than by voluntary discontinuance, judgment on the merits, etc., the plaintiff may commence a new action on the same cause of action within six months after the termination. Here plaintiff claims and Special Term gives plaintiff the benefit of that section on the ground that the plaintiff had timely asserted the present claims in a previous action in the Federal court, which was terminated less than six months before the commencement of this action. We disagree with Special Term in that we hold that the plaintiff's claim in the Federal court action was not "timely commenced" or asserted.

The action in the Federal court was originally brought on May 2, 1973 by some securities holders against defendant Empire based on the false registration statement. Plaintiff was not a party to that action until March 24, 1974 when the defendant in that action served its answer in which it included cross claims or third-party claims against plaintiff and others as additional defendants. This was the first time that a pleading contained any claim against plaintiff and that he was served and made a party. This was, of course, more than one year after January 22, 1973 when plaintiff's claims here asserted first accrued. Thereafter on June 16, 1974 the present plaintiff amended his answer in the Federal court action to add cross claims and counterclaims against the present defendants (a counterclaim against the Empire defendants who had asserted the claim against plaintiff and cross claims against other defendants against whom Empire had asserted claims) for essentially the claims now sued on.

CPLR 203 (subd [c]) provides: "A defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed."

Special Term held that under this statute the cross claim asserted by the present plaintiff in the Federal action was

deemed to have been interposed at the time that action was originally commenced in the Federal court, i.e., May 2, 1973, and was thus timely. We do not agree.

In our view, the present plaintiff's claim in the Federal action must be deemed to have been interposed on March 24, 1974 when for the first time any claim was interposed against the present plaintiff and the present plaintiff became a party to that lawsuit.

For purposes of CPLR 203 (subd [c]), the "complaint" must be deemed to be a pleading in which a claim is asserted against the party claiming that the statute is tolled, i.e., the cross claim or third-party claim by the original defendants in the Federal action interposed March 24, 1974 against the present plaintiff. That appears to be the view taken by this court in *Seligson v Chase Manhattan Bank* (50 AD2d 206), and in *Holst v Edinger* (93 AD2d 313). To hold that in these circumstances the Statute of Limitations is tolled as of the time of the service of the original complaint by the original plaintiffs would leave open the possibility that if, say, some years have elapsed between the original institution of the action and the time when a defendant in that action serves a cross claim or third-party claim against a new party, a claim that had been barred for some years would be revived. We do not think that is a fair "judicial extension" (cf. *Seligson v Chase Manhattan Bank, supra,* p 210) of the statute.

Thus, when the present plaintiff interposed the present claims in the Federal action on June 16, 1974, it was already barred as it was "barred at the time the claims asserted in the complaint [the Federal cross complaint or third-party complaint] were interposed." (CPLR 203, subd [c].)

■ The claim is not saved by the exception in CPLR 203 (subd [c]) for claims arising out of the same transactions, etc., upon which a claim asserted in the complaint depends. This is a recoupment exception. Its effect is that if A (the present defendants) sues B (the present plaintiff), and B has some defense or counterclaim arising out of the same transaction which would be barred as an independent action, B may still assert that defense or counterclaim "to the extent of the demand in the complaint" (CPLR 203,

subd [c]). Its only reasonable application can be to a case where some demand is asserted against B. Under this exception, "no affirmative judgment can be entered in favor of the defendant [asserting the recoupment — here the present plaintiff] since a recoupment, by definition, merely permits defendant to use his claim as a defense." (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:9, p 119.) While the otherwise time-barred counterclaim was properly asserted in the Federal action "to the extent of the demand in the complaint", the exception has no application in this case, where no "demand" has been made against the party making the claim. Thus the "extent of the demand" against the present plaintiff is zero. And therefore, the exception has no application to the present plaintiff's complaint.

Three orders, Supreme Court, New York County (Edward J. GREENFIELD, J.), entered November 2, 1981 denying defendants' motions to dismiss the complaint, should be reversed, on the law, with costs, and the complaint dismissed.

KUPFERMAN, J. P., CARRO and BLOOM, JJ., concur.

Three orders, Supreme Court, New York County, entered on November 2, 1981, unanimously reversed, on the law, and the complaint dismissed. Appellants shall recover of respondent one bill of $75 costs and disbursements of these appeals.