Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

◼ CROSSLAND MORTGAGE CORPORATION, Respondent, v WILLIAM J. DOUGLAS et al., Appellants, et al., Defendant. [706 NYS2d 273] —Mercure, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered February 11, 1999 in Essex County, which, *inter alia*, denied a cross motion by defendants William J. Douglas and Carolyn Decker for summary judgment dismissing the complaint against them.

Defendants William J. Douglas and Carolyn Decker (hereinafter collectively referred to as defendants) were the owners of real property in the Village of Ausable Forks, Essex County.

Defendants gave plaintiff a first mortgage on the property to secure their note in the amount of $45,000. In February 1997, the house on the property was destroyed by fire. Alleging defendants' failure to make scheduled payments of principal and interest due from and after June 1, 1997, plaintiff thereafter brought this action to foreclose its mortgage. Following joinder of issue, plaintiff moved for summary judgment. Defendants cross-moved for summary judgment dismissing the complaint upon the ground that plaintiff's failure to seek payment under a fire insurance policy insuring its interest in the property constituted a complete defense and setoff against plaintiff's claim. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants appeal.

We affirm. We reject defendants' contention that the availability of fire insurance proceeds is an affirmative defense to a foreclosure action. A mortgagee's interest under the standard mortgagee clause contained in a fire insurance policy (*see*, Insurance Law § 3404; Real Property Law §§ 254, 258) is coextensive with the debt secured by the mortgage (*see*, *Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 676-677; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.*, 82 Misc 2d 396, 398, *affd* 51 AD2d 1005, *affd* 41 NY2d 954). Defendants have provided no New York authority for their novel position that plaintiff was required to pursue one of these coextensive interests before the other, and our research has disclosed none. Moreover, pursuant to the terms of the fire insurance policy, had plaintiff initially recovered from the fire insurance proceeds, the insurer would have been subrogated to the rights of plaintiff and thus able to bring a foreclosure proceeding itself (*see, e.g.*, *Krupp v Aetna Life & Cas. Co.*, 104 AD2d 857).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.