■ In the Matter of the Liquidation of GALAXY INSURANCE COMPANY. NEIL D. LEVIN, Superintendent of Insurance, as Liquidator, Appellant, v ACCELERATION NATIONAL INSURANCE COMPANY, Respondent. [710 NYS2d 72] —Order, Supreme Court,

New York County (Sheila Abdus-Salaam, J.), entered October 16, 1998, which granted the motion of defendant Acceleration National Insurance Company (ANIC) to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

In this action, plaintiff alleges that defendant, in an attempt to assuage the concerns of prospective insureds of Galaxy Insurance Company (which was in financial distress), issued certain certificates of suretyship to Galaxy policy holders. These certificates provided that if Galaxy should become insolvent, defendant would assume Galaxy's liabilities.

Subsequently, Galaxy was placed into liquidation by the New York State Insurance Department, and plaintiff, as liquidator, commenced this action against defendant to enforce the obligations created by the various certificates. Seeking to dismiss the complaint, defendant alleged that, pursuant to the terms of the certificates, its liability was contingent upon it receiving "assignments or evidences of subrogation" by the insureds. As plaintiff failed to allege that it complied with this condition precedent in its complaint, defendant argued that dismissal was required. Supreme Court, agreeing with defendant, granted the motion. This was error.

The endorsements at issue were plainly made to induce prospective insureds to enter into insurance contracts with Galaxy. Having achieved its objective, ANIC thereafter failed to honor its contractual obligation to defend and indemnify Galaxy policy holders as it agreed. Accordingly, dismissal of the complaint was inappropriate. To the extent there is any ambiguity in the endorsements, i.e., whether Galaxy insureds were required to provide evidence of assignment or subrogation as a condition precedent to ANIC's contractual obligations, such ambiguity should be resolved against ANIC, which issued the endorsements (cf., Austrian v Equitable Life Assur. Socy., 39 NY2d 477, 479). In view of this, any obligation on the part of Galaxy insureds to provide evidence of assignment and subrogation was not a condition precedent to ANIC's duty to assume Galaxy's liabilities.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.