■ ROBERT BURKE et al., Respondents, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant. [963 NYS2d 293]—

In an action to recover the proceeds of a rental dwelling insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 24, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

In November 2007, the plaintiffs sold certain real property to Irving Development Corp. (hereinafter Irving), and held a purchase money mortgage in the amount of $400,000. Irving secured a rental dwelling insurance policy from the defendant, State Farm Fire and Casualty Company. The policy named the plaintiffs as mortgagees, and was effective from November 2007 to November 2008. In January 2008, the property sustained water damage, of which the plaintiffs were not informed.

Irving then defaulted on the mortgage. In 2009, the plaintiffs commenced a foreclosure action against Irving. In 2010, Irving executed a deed in lieu of foreclosure transferring the property

to Riviera Court Associates, Inc., which was owned by the plaintiffs. The plaintiffs executed a release in connection with the deed. The plaintiffs then discovered the damage to the property and filed a claim with the defendant. The defendant denied coverage on the ground, inter alia, that the plaintiffs did not have an insurable interest in the property. The plaintiffs commenced the instant action to recover proceeds of the subject policy.

The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Under the facts of this case, the delivery of the deed and the release resulted in full satisfaction of the mortgage debt that was owed to the plaintiffs. As a result of such full satisfaction of the mortgage debt, the plaintiffs mortgagees lacked any insurable interest in the property insured by the defendant (*see Moke Realty Corp. v Whitestone Sav. & Loan Assn.*, 82 Misc 2d 396, 397-398 [1975], *affd* 51 AD2d 1005 [1976], *affd* 41 NY2d 954 [1977]; *Washington Mut. Bank, F.A. v Allstate Ins. Co.*, 48 AD3d 554 [2008]). In the absence of any such insurable interest, the plaintiffs are not permitted to recover under the mortgagee loss payable clause contained in the policy issued by the defendant (*see Washington Mut. Bank, F.A. v Allstate Ins. Co.*, 48 AD3d at 554; *Sportsmen's Park v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 893 [1983], *affd* 63 NY2d 998 [1984]; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.*, 82 Misc 2d at 397-398). Accordingly, the Supreme Court erred in finding that the plaintiffs retained an insurable interest in the property, and should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.