■ SOUTHERN TIER COOPERATIVE INSURANCE COMPANY, Appellant, v ROBERT COON et al., Respondents.—Appeal from an order of the County Court of Tioga County, entered January 23, 1974, which denied plaintiff's motion for summary judgment. Plaintiff is the insurance carrier that issued a policy of fire insurance on the subject premises which were damaged by fire. The defendants Robert and Carolyn Coon are the owners of the premises and the defendant Edith Blum is a guarantor on the mortgage bond. The plaintiff in this action had rejected the claim for the fire loss filed by the defendant Blum, the named insured, on the ground that it concluded from its investigation that the fire was of incendiary origin. However, it paid the claim of the Tioga State Bank, the mortgagee named in the policy, and on receiving payment, the bank executed an assignment of the mortgage to the plaintiff, which was duly recorded in Tioga County. Defendants Coon were properly notified of the assignment, and also informed that they

were in arrears on their mortgage. When no payments were made on the arrears, this action was commenced for foreclosure of the mortgage. On this appeal plaintiff contends that the trial court was in error in concluding that factual issues exist that can only be resolved upon the trial, and that the defendants' counterclaim is legally sufficient. The right of the insurer to subrogation to the rights of the mortgagee upon payment to the latter of a loss under the policy of fire insurance cannot be vested upon the mere assertion of a claim, unfounded in fact, but can be vested only upon a *valid and well-founded claim of nonliability to the mortgagor.* The right to· subrogation under the standard mortgage clause arises only if the insurer by payment to the mortgagee, also discharges its obligation owed to the mortgagor under the policy *(O'Neil v Franklin Fire Ins. Co.,* 159 App Div 313, affd 216 NY 692; 31 NY Jur, Insurance, § 1629, p 529). In this regard the record contains nothing more than a statement by the president of the plaintiff insurance company that an investigation convinced the board of directors of the company that the fire was set by the owners and named insured. There are no facts set forth to support, or that could form the basis for that conclusion. It is clear, therefore, that the question of whether or not the plaintiff was justified in making payment to the mortgagee bank on the basis of plaintiff's claimed nonliability to the mortgagors, and after liability was imposed on the plaintiff by reason of the fire, presents factual issues that must be resolved by a plenary trial. Nor do we find any merit to plaintiff's contention that the counterclaim interposed by the defendants seeking to recover for the fire loss is barred by the 12-month Statute of Limitations as set forth in section 168 of the Insurance Law and incorporated in the policy issued by the plaintiff. Upon its enactment, the CPLR adopted the rule that the service of a summons by the plaintiff tolls the Statute of Limitations on all counterclaims which the defendant may possess (CPLR 203, subd [c]; McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 203, p 119). Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.