■ SPORTSMEN'S PARK, INC., Doing Business as ASTORIA HOTEL & CAFE & DERBY RESTAURANT, Respondent-Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant-Respondent, et al., Defendant. — Cross appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered January 13, 1983 in Ulster County, which denied a motion by defendant New York Property Insurance Underwriting Association for partial

summary judgment on its third affirmative defense and which further denied plaintiff's cross motion for an order to fix the amount of damages at $27,000. In 1973, plaintiff conveyed a mortgage on its restaurant and hotel properties in the Town of Rosendale, Ulster County, to defendant First National Bank of Highland (the bank) to secure an indebtedness of $55,000. In accordance with the terms of the mortgage, plaintiff procured a fire insurance policy from defendant New York Property Insurance Underwriting Association (the association) containing a standard mortgagee clause which obligated the insurer to pay any proceeds of the policy to the mortgagee as its interest might appear, irrespective of any act or neglect of the mortgagor. The policy also provided that upon such payment to the mortgagee, if the insurer claimed that it was not liable to the mortgagor for the loss, the insurer would become subrogated to the rights of the mortgagee to the extent of such payment. In February, 1979, while this policy was in effect, the bank commenced an action to foreclose the mortgage. In the following late March or early April, a fire occurred causing substantial damage to the mortgaged premises. Plaintiff duly made claim under the policy for its loss. In late April, 1979, the bank recovered a judgment of foreclosure and sale for some $55,000. A referee's sale was then conducted in which the bank was the successful bidder for the sum of $100. The bank then moved for a deficiency judgment for the balance of its lien, less the sum of $40,000 which it claimed was the actual fair market value of the property. The court directed that entry of a deficiency judgment would have to abide a hearing on value, which hearing had not yet taken place. Subsequently, the bank and the association settled the bank's claim for its loss in the sum of $27,000, and the association took an assignment of the bank's right to a deficiency judgment in accordance with the subrogation clause of the policy. Thereafter, plaintiff commenced the instant action against the association for allegedly wrongfully refusing the claim of loss. The association interposed three affirmative defenses, the first two of which allege that there was no liability by reason of plaintiff's fraudulent misrepresentations and concealments and increasing the hazards of loss in connection with the cause and origin of the fire. The third defense, at issue here, alleged a setoff in the full amount of the $27,000 paid to the bank as mortgagee. The association them moved for partial summary judgment on its third defense. Plaintiff opposed and cross-moved for a partial summary judgment declaring that the amount of damages to the building amounted to $27,000. Special Term denied both motions, and these cross appeals followed. The association's motion for partial summary judgment on its third affirmative defense was properly denied. Under the standard mortgagee clause, an insurer is required to first make payment to the mortgagee to the extent of its interest in the property and then to pay the balance of the loss, if any, to the mortgagor so long as the mortgagor has not breached any of the conditions of the policy (*Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 673). The parties agree that the actual fire loss to the building was $27,000. Since concededly there are outstanding issues of fact regarding whether plaintiff as mortgagor was in default in connection with the conditions for payment to it under the policy, partial summary judgment could only be granted establishing that the association was entitled to set off the full amount of its payment to the bank if the extent of the bank's interest in the insured premises was at least $27,000. The extent of a mortgagee's interest is determined, in the first instance, by the total amount of its lien, including the outstanding principal amount of the debt plus interest, plus any amounts expended to protect its security (i.e., taxes, insurance premiums, etc.), all as of the date of the fire (*Grady v Utica Mut. Ins. Co., supra,* p 674). The cases make clear, however, that where, as here, there has been an intervening judgment of foreclosure and sale and the mortgagee has purchased the property at the sale,

the entire transaction, although subsequent to the fire, will affect the extent of the mortgagee's interest and, thus, the amount it is entitled to receive out of the proceeds of the policy. If the mortgagee has bid in the full amount of its secured debt at the sale, it thereby satisifies its lien and loses all entitlement to any proceeds (*Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 335). If the mortgagee bids in for less than the mortgage debt, but fails to obtain a deficiency judgment for the balance, this likewise results in the full satisfaction of the debt and a forfeiture of any rights to share in the proceeds (RPAPL 1371; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.*, 82 Misc 2d 396, 397-398, affd 51 AD2d 1005, affd 41 NY2d 954). Indeed, even if a subsequent sale by the mortgagee shows that the property was worth less than the amount of its successful bid, in the absence of a deficiency judgment, the bid is conclusive in fixing the market value of the property to be applied against the mortgage debt for insurance purposes (*Morgan v Ellenville Sav. Bank*, 55 AD2d 178, 180, mot for lv to app den 41 NY2d 803). The necessary implication of these cases is that, here, the extent of the bank's "interest as it may appear" under the policy is at best equivalent to any deficiency judgment it may obtain. And this in turn limits its entitlement to share in the insurance proceeds payable upon the loss. As stated in *Moke Realty Corp. v Whitestone Sav. & Loan Assn.* (*supra,* pp 397-398), "[H]ad the bank properly entered a deficiency judgment, it would likely have been entitled to the insurance proceeds up to the amount of the deficiency." The amount of any deficiency judgment to which the bank may be entitled has not yet been determined, however. It follows that if the deficiency judgment ultimately is fixed at less than $27,000, the bank was overpaid by the association and received proceeds to which plaintiff was entitled, unless the association establishes nonliability through its other affirmative defenses (cf. *Morgan v Ellenville Sav. Bank, supra,* pp 180-181). Consequently, an outstanding issue of fact exists as to the extent, if any, that the payment to the bank of the proceeds of the policy in the amount of $27,000 may legitimately be offset against plaintiff's claim. Nor is this conclusion avoided by reason of the assignment to the association of the right of the mortgagee to a deficiency judgment pursuant to the subrogation clause of the policy. That clause is only effective to discharge the insurer's obligation to the mortgagor by payment to the mortgagee if, in fact, there is no liability to the mortgagor because of breach of the conditions of the policy (*Southern Tier Coop. Ins. Co. v Coon*, 53 AD2d 970, 971). The latter factual issue is equally outstanding and prevents the award of partial summary judgment to the association. Regarding plaintiff's cross appeal, the association concedes in its brief that the amount of the damage to plaintiff's building is $27,000 and consents that this portion of the order appealed from should be reversed, and we modify accordingly. Order modified, on the law, by reversing so much thereof as denied plaintiff's cross motion, plaintiff is granted partial summary judgment fixing the property loss to plaintiff's building in the sum of $27,000, and, as so modified, affirmed, with costs to plaintiff. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.