■ AETNA CASUALTY & SURETY COMPANY, Respondent, v HAYLAND FARMS CORP., et al., Defendants, and HENRY COLT ENTERPRISES, INC., et al., Appellants.—Order unanimously modified, on the law, and, as modified, affirmed, with costs to appellants, in accordance with the following memorandum: Appellants are holders of junior mortgages on a property insured by Aetna Casualty & Surety Company (Aetna) and covered by a first mortgage given originally to Manufacturers and Traders Trust Company (M & T). After a fire occurred in the premises, Aetna claimed that the fire was caused by arson and disputed liability for the loss under its policy. Pursuant to the provisions of the standard mortgage clause in the policy, Aetna paid off the principal balance and took an assignment of the mortgage from M & T. Then Aetna, as the substitute first mortgagee, commenced the instant foreclosure action which, in February 1983, culminated in a judgment taken by default against appellants. After the default in the foreclosure action, the lawsuit, which the owner of the insured premises (the mortgagor) had commenced against Aetna because of its refusal to pay the fire loss under policy, proceeded to trial. When the jury selection was completed on June 28, 1983, the owner-mortgagor's suit against Aetna on the fire policy was settled by a stipulation, under the terms of which, among other things, Aetna agreed to pay $57,500 under the fire policy in addition to the sum of $89,670.57 it had paid to M & T, representing the principal balance on the mortgage, and

the owner-mortgagor waived its rights of redemption and agreed to give a deed to the property to Aetna. Upon learning of the stipulation of settlement in the fire loss lawsuit, appellants moved in the instant foreclosure action to be relieved of their default and to vacate the judgment of foreclosure. Special Term granted the motion to the extent of vacating the default and directed a hearing "on the sole question of whether the mortgage, which is the subject of this action, should be declared extinguished as a result of it having been merged into the fee." Special Term, however, denied appellants' request for a hearing concerning the validity of M & T's assignment to Aetna under the standard mortgage clause in the policy and whether, in the light of the settlement of the disputed fire loss claim, Aetna had a valid and well-founded claim of nonliability to the mortgagor which would give it rights of subrogation. It is from Special Term's denial of the requested hearing on this issue that the appeal is taken.

We modify the order so as to direct a hearing on the question of whether the payment by Aetna of the principal balance on the mortgage to M & T satisfied the mortgage. "The right of the insurer to subrogation to the rights of the mortgagee upon payment to the latter of a loss under the policy of fire insurance cannot be vested upon the mere assertion of a claim, unfounded in fact, but can be vested only upon a *valid and well-founded claim of nonliability to the mortgagor"* (*Southern Tier Coop. Ins. Co. v Coon,* 53 AD2d 970, 971; *see, Palisano v Bankers & Shippers Ins. Co.,* 193 Misc 647, *affd* 276 App Div 523; 31 NY Jur, Insurance, § 1629). As in *Southern Tier,* there are no facts in the record substantiating Aetna's defense of arson, only conclusory allegations. "It is clear, therefore, that the question of whether or not the plaintiff was justified in making payment to the mortgagee bank on the basis of plaintiff's claimed nonliability to the [mortgagor], and after liability was imposed on the plaintiff by reason of the fire, presents factual issues that must be resolved [in the hearing]" (*Southern Tier Coop. Ins. Co. v Coon, supra,* p 971). (Appeal from order of Supreme Court, Monroe County, Patlow, J.—mortgage foreclosure.) Present—Dillon, P. J., Hancock, Jr., Doerr, Denman and O'Donnell, JJ.