**CIRCUIT COURT OF THE CITY OF RICHMOND**

Kenneth E. Martin

v.

Comtex, Inc.,
and Cigna Ins. Co.

April 26, 1991

Case No. HA-1240-1

By JUDGE MELVIN R. HUGHES, JR.

Defendant Comtex, Inc.'s (Comtex)[1] Motion for Summary Judgment presents the question of whether plaintiff has an equitable lien on insurance proceeds paid under a fire loss policy covering a building.

According to the responses given to Requests for Admissions and an Order the parties agreed on for entry, the facts are these. Comtex purchased four parcels of real property from plaintiff. Under the parties' agreement, Comtex executed two deeds of trust notes each payable to plaintiff in the amounts of $25,000.00. Pursuant to a provision in each Deed of Trust, Comtex obtained fire insurance in the amount of $50,000.00.

After the closing, a fire occurred approximately six months later destroying the buildings on the property. Thereafter, plaintiff foreclosed on the deeds of trust and purchased the property at an auction sale on November 13, 1990. The sale price at auction was $59,000.00 which covered the principal and interest due on the two notes. After the auction, the insurer made available the sum

---

[1] The remaining defendant, Cigna Insurance Company, is an insurer and is not a part of this motion.

of $40,000.00 to both plaintiff and Comtex, and they in turn have agreed the Clerk of this Court will hold the amount pending the outcome of this case.

The thrust of Comtex's motion is that plaintiff has no lien because plaintiff's purchase at foreclosure for a price covering the amounts due on the notes leaves him without any interest in the insurance proceeds. Plaintiff, on the other hand, takes the view that the debt was not paid when he bought the property at auction because the bid price does not establish the property's value. Plaintiff also contends that if there is no lien, Comtex would get the benefit of certain "misdoings" committed before and after the loss which equitable principles do not permit. The "misdoings" concern Comtex allegedly failing to name plaintiff as an insured on the insurance policy, failing to pay fully certain expenses and make payments on the notes and delaying filing a claim for payment on the policy after the fire. The court agrees with the position advanced by Comtex, and the motion is sustained.

First and foremost, plaintiff has brought this action praying that "an equitable lien be declared in favor of plaintiff upon the proceeds of insurance . . . and . . . that the amount of the lien be ascertained." There is nothing alleged upon which plaintiff seeks a recovery for breach of contract covering the distribution of the proceeds or payments on the notes, delay in processing the insurance claim or any misrepresentation. Even considering that an equitable lien must rest on a contract express or implied, *Harnsberger v. Wright*, 185 Va. 586 (1946), and to that extent a contract to make plaintiff an insured is relevant, there is no consequence pertaining to this particular aspect of the parties' dealings. Plaintiff's position on this motion recognizes that the insurer regarded plaintiff as having an interest in the insurance proceeds as mortgagee-loss payee. Any breach or misrepresentation by Comtex in not naming plaintiff on the insurance policy is irrelevant. The deeds of trust contain language set out in § 55-60 regarding insurance on property. This includes the term "insurance required." By the statute, this term is to be construed as "standard loss payable with full contribution in favor of the trustee as his interest may appear." See § 55-60(8). Accordingly, the

insurance requirement covers the owner as insured and the mortgagee as loss payee.

The question of property undervalue plaintiff raises should be examined first considering what happens following foreclosure and the office of an insurance requirement in the parties' financing arrangement. Under § 55-59.4 when the trustee takes the bid price, the trustee first deducts the costs of sale, pays any taxes, pays the noteholder up to the debt owed and thereafter any other liens, and then pays the grantor any surplus. The purpose of insurance is to provide the noteholder with a means by which the debt obligation can be satisfied in the event the property is destroyed, damaged or lost. Because plaintiff was both the noteholder and the purchaser at auction, he did not have to give the bid price amount over to the trustee just to have it handed back to him to satisfy the outstanding indebtedness. Instead, a credit on the debt was in order. Since the credit was equal to Comtex's entire debt, Comtex is no longer indebted to plaintiff, and plaintiff can no longer assert a lien against the insurance proceeds. While the Court has not been cited to any Virginia Supreme Court cases, there is a case from federal court arising under Virginia law that applies. In *Lea v. Liverpool & London & Globe Insurance Co. of Liverpool, England*, 243 F. Supp. 547 (W.D. Va. 1965), the noteholder foreclosed and then purchased the property at auction on a bid for less than the amount owed leaving a deficiency. Later, the noteholder sold the property for a profit. Notwithstanding, the Court allowed the noteholder to still bring a claim for the deficiency even though there was evidence of greater value for the property. The noteholder could make a profit and assert a claim for the deficiency. The bid price, regardless of the value of the property, was the determinant of whether the noteholder was owed more money or not.

In *Northwestern National Insurance Co. v. Mildenberger*, 359 S.W.2d 380 (Mo. 1962), the property owner Mildenberger owed money to Gloria Lee Company. The indebtedness was secured by a deed of trust which required insurance. The property was damages by fire, and Mildenberger made a claim on the carrier for payment under the insurance policy. Before the carrier paid, Gloria Lee foreclosed and, at the auction, bid in the property for the same amount due

on the note and deed of trust. Both Gloria Lee and Milden-berger claimed the insurance proceeds. The Court found that Mildenberger could recover the insurance and based its finding on the following which applies equally to the case at bar.

> In no event was the Gloria Lee Company to collect more than the balance due on the note regardless of the source or sources from which such a collection might be made. It cannot seriously be contended that the mortgagee could have kept the insurance proceeds and also have recovered in full the payment of the debt owed to it . . . .
> [I]t is the debt, the creditor-debtor relationship, that gives birth to the right to compel the mortgagor to purchase insurance and to collect the proceeds and serves as the supporting pillar for the entire structure so far as the mortgagee is concerned. Once that relationship is terminated, the reason for any claim on the part of the mortgagee on the insurance proceeds likewise evaporates. Surely, it cannot be denied that purchase at the foreclosure for the full amount of the balance due on the note constituted payment and extinguished the debt. It would not logically matter whether that payment was made by a stranger or by Mrs. Mildenberger from other funds or in the method here involved, purchase by the mortgagee for the full amount of the balance due on the indebtedness. So long as the payment was made in the full amount of the indebtedness, it extinguished the debtor-creditor relationship and thus terminated the claim upon the proceeds of the insurance money which had inured to the benefit of the mortgagee upon the occurrence of the fire.

*Id.* at 385, 386.

Here, plaintiff is seeking a double recovery which should not be allowed. Plaintiff could have bid a lower price and covered the rest of what was owed him with insurance proceeds. In *Rosenbaum v. Funcannon*, 308 F.2d

860 (9th Cir. 1962), the noteholder, as here, bought the property at foreclosure for the amount then due and owing and still wanted insurance proceeds. The *Rosenbaum* court in denying the noteholder claim said:

> If under these circumstances, it was held that Rosenbaum, nevertheless, is entitled to receive . . . such amount as may be payable under the fire insurance policy, she would be receiving money for a claim against the mortgagor, already extinguished, and, at the same time, would have the mortgagor's property -- obviously a double recovery. *Id.* at 685.

When plaintiff bid in the full amount of its secured debt at the foreclosure, he satisfied the lien and lost all entitlement to the insurance proceeds, *Sportsmen's Park, Inc. v. New York Property Insurance Underwriting Assoc.*, 97 App. Div. 2d 893, 470 N.Y.S.2d 456 (1983).

Accordingly, when the building was destroyed by fire, plaintiff had a lien on the insurance proceeds. They became the substitute for the building on which it previously had a lien securing the amount owed. When plaintiff foreclosed and successfully bid in for $59,610.00 at the auction sale, the full amount Comtex owed on the note, this discharged the debt. When the debt discharged, there is no more lien on the insurance proceeds. The existence and extent of any deficiency is measured by the amount of the purchase price made at auction. Since there is none, no lien attaches to the insurance proceeds.

For the foregoing reasons, the motion is granted.