■ BEETS WAL REALTY CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Defendants, and REPUBLIC NATIONAL BANK et al., Appellants. [688 NYS2d 253] —In an action to recover damages based on the improper payment of a check, the defendants Republic National Bank and Chase Manhattan Bank Delaware, as successor to Manufacturers Hanover Bank (Delaware), appeal from a judgment of the Supreme Court, Westchester County (Scarpino, J.), dated December 24, 1997, which, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

The court's award in favor of the plaintiff in the principal sum of $40,000 was based on the plaintiff's status as only one of several payees named jointly on a check, issued by the defendant New York Property Insurance Underwriting Association, and subsequently converted. The $40,000 check was issued in settlement of a claim based on the loss due to fire of a certain barge. It is conceded on appeal that the barge was encumbered by a mortgage initially given to Diamond Capital Corp. (hereinafter Diamond Capital), an entity which is not named as a defendant herein. The plaintiff alleges that this mortgage was ultimately assigned to a banking corporation which was later declared insolvent, and for which the defendant Federal Deposit Insurance Corporation (hereinafter the FDIC) was appointed as receiver.

The Small Business Administration (hereinafter the SBA) is

the receiver in bankruptcy for the original mortgagee, Diamond Capital. In an action pending in Federal court to which the plaintiff is not a party, the SBA obtained an order granting summary judgment to it and against the appellant Republic National Bank (hereinafter Republic) in connection with Republic's payment of the same check. There is no proof in the present record that the underlying mortgage debt has been satisfied, either before or after the fire which destroyed the barge. On the contrary, there is evidence that, as of March 1993, an agent for the FDIC demanded repayment of the $350,000 mortgage debt.

We agree with the appellants that the present record presents no basis upon which to determine the extent of the plaintiff's rightful interest in the proceeds of the $40,000 check. The general rule is that the mortgagor of property destroyed by fire is entitled only to that portion of the insurance proceeds which exceeds the balance of the mortgage debt (*see, e.g., Capizzi v Security Mut. Ins. Co.*, 254 AD2d 783; *Sportsmen's Park v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 893, *affd* 63 NY2d 998). Here, there is no proof of the extent to which the sum of $40,000 exceeded, if it did so at all, the balance of the mortgage debt. This consideration is highlighted by the fact that another court has already awarded the full amount of the $40,000 to the receiver in bankruptcy for the original mortgagee.

We also note that, while the current attorney for the plaintiff asserts that the FDIC was served with process, there is no affidavit of service to this effect. Apparently, the plaintiff's current attorney has no direct personal knowledge of the circumstances surrounding the commencement of this action several years ago by prior counsel. We therefore find that there is no basis upon which to conclude that, by failing to appear in this action, the FDIC has implicitly conceded that it, as successor to the original mortgagee, has no interest in the check.

Under these and other circumstances revealed in the record on appeal, there are issues of fact which preclude the granting of summary judgment to the plaintiff. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.