shall allow as costs the sum the plaintiff would be entitled to recover if the amount of his claim were the amount of the defendant's counterclaim, costs were improperly taxed in favor of a plaintiff, suing for more than $50, upon the dismissal of a counterclaim for $175 and a judgment for plaintiff in the sum of $43.80.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108, 111–114; Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Todd against Maks Beck. From a judgment for plaintiff, taxing costs upon a dismissal of the defendant's counterclaim, defendant appeals. Modified and affirmed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Jacob W. Block, of New York City, for appellant.
Nathan Kelmenson, of New York City, for respondent.

PER CURIAM. The defendant appeals from so much of a judgment as taxes $15 in favor of the plaintiff upon a dismissal of the defendant's counterclaim. Plaintiff sued, claiming $154. The defendant counterclaimed for $175. Upon the trial the defendant's counterclaim was dismissed, and the jury found a verdict upon plaintiff's claim for the sum of $43.80. Upon motion of the plaintiff, the clerk was directed to tax $15 to the plaintiff upon the dismissal of defendant's counterclaim.

The right to tax costs is given by statute, and in the Municipal Court is fixed by section 332 of the Municipal Court Act and the several subdivisions thereof. The only provision in that section for the recovery of costs by the plaintiff upon the dismissal of a defendant's counterclaim is contained in subdivision 4, which provides that:

"Where an action is brought by the plaintiff for a sum less than $50, and the defendant shall have interposed a counterclaim amounting to $50 or more, and the plaintiff recovers judgment upon the counterclaim, the same sum as plaintiff would have been entitled to recover if the amount of his claim were the amount of the defendant's counterclaim."

As the action was brought by plaintiff for a sum over $50, he is not entitled to recover costs upon the dismissal of defendant's counterclaim.

Judgment modified, by striking therefrom the sum of $15 costs, and, as modified, affirmed, with $15 costs to appellant.

---

MUTUAL LIFE INS. CO. v. COCKERILL et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MORTGAGES (§ 568*)—FORECLOSURE—SURPLUS—CONFIRMATION OF REPORT—VACATION—ORDERS.

Where the court confirmed a referee's report, which directed payment of surplus money to the second mortgagee after foreclosure of the first mortgage, it could not, while the report stood confirmed, direct payment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the trustee in bankruptcy of the owner of the equity of redemption, although it could vacate the order confirming the referee's report and refer it back to the referee for further proof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1639–1646; Dec. Dig. § 568.*]

2. MORTGAGES (§ 568*)—PRIORITIES.

After foreclosure of a first mortgage, the surplus was claimed by the second mortgagee, whose mortgage was executed May 28, 1909, and by the trustee in bankruptcy of the owner of the equity of redemption, under a judgment recovered April 14, 1909, which was within four months of the filing of the petition in bankruptcy, and after the insolvency of the owner. The referee found that the trustee was not entitled to the surplus, and awarded it to the second mortgagee; his report being confirmed. *Held* that, the trustee having obtained, upon notice, from the United States District Court, an order that the lien acquired by the judgment creditor be preserved for the bankrupt's estate, and the trustee be subrogated thereto, it was the duty of the trial court to vacate the order confirming the referee's report and send the matter back for further proof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1639–1646; Dec. Dig. § 568.*]

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company against Gertrude T. Cockerill and others, in which the Colonial Bank, as second mortgagee, and Hamilton M. Dawes, as trustee in bankruptcy of the owner of the equity of redemption, intervened, claiming surplus money after foreclosure. From an order denying the trustee's motion, the trustee appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Jacob J. Lesser, of New York City, for appellant.
Henry G. Sanford, of New York City, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mortgage upon real estate. The plaintiff had a judgment, and at the sale had thereunder more than sufficient was realized to pay off the mortgage, and the surplus was deposited with the city chamberlain, to be paid to such persons as might be entitled thereto. Upon the application of the respondent—the Colonial Bank, the holder of a second mortgage—an order was made appointing a referee to determine the validity and priority of claims to the surplus moneys. Prior to the hearing before the referee a trustee of the owner of the equity of the property covered by the mortgage was appointed in bankruptcy proceedings. He appeared before the referee and claimed to have a lien superior to that of the respondent. His claim was based upon a judgment recovered against the owner of the equity of redemption and others by the National Surety Company on the 14th of April, 1909. The Colonial Bank claimed to have a prior lien by virtue of a mortgage executed by the owner of the equity of redemption on the 28th of May, 1909. The referee found, as a fact, that the owner of the equity of redemption was insolvent at the time the National Surety Company recovered its judgment, and as a conclusion of law that it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was null and void, because it was recovered within four months of the filing of the petition in bankruptcy, for which reason the Colonial Bank had the first lien. Subsequently the report of the referee was confirmed, on motion of the Colonial Bank. After the confirmation, the trustee in bankruptcy obtained, upon notice, from the United States District Court for the Southern District of New York, an order that the lien acquired by the surety company under its judgment be preserved for the bankrupt's estate, and that the trustee be subrogated thereto. Upon this order, and the order confirming the referee's report, the trustee moved that the surplus moneys be paid to him. The motion was denied, and the appeal is from such order.

[1, 2] The court could not, so long as the order confirming the referee's report and directing payment to the Colonial Bank remained, direct payment to the trustee. That was a final order. It determined the right to the fund, and terminated the proceedings instituted for that purpose. The court, however, did have the power to vacate the order confirming the report, and refer the same back to the referee for further proof. Mutual Life Ins. Co. v. Salem, 3 Hun, 117. The learned justice sitting at Special Term, as appears from his opinion, reached the conclusion that, if the trustee had a valid lien prior to that of the Colonial Bank, the same had to be established in an action in equity. This conclusion was erroneous, because the money still remains in court, and, so long as it there remains, the court has undoubted power over the entire proceeding, which it will not hesitate to exercise in order to enforce the legal rights of the parties. The court, upon the facts set out in this record, should, in addition, have vacated the order confirming the referee's report, and sent the matter back for further proof.

The order, in so far as appealed from, therefore, is modified, by vacating the order confirming the referee's report, and sending the matter back to the referee to take further proof upon the claim represented by the appellant, and, as thus modified, affirmed, without costs to either party. All concur.