Carroll M. Roberts, J.
This is a mortgage foreclosure action in which, pursuant to a judgment of foreclosure and sale, the premises were sold on August 16, 1957, which sale resulted in a surplus of $10,073.50 and which sum was deposited with the Treasurer of Monroe County on September 26, 1957. On the same day the Referee’s report of sale was filed.
*998 No motion to confirm the Referee’s report of sale was made within the time limited by section 1082 of the Civil Practice Act. On or about March 4, 1958 one of the creditors, Charles R. Skinner, instituted a proceeding for an order of reference to ascertain and report the amount due to him and other parties pursuant to rule 262 of the Rules of Civil Practice. This motion was denied upon the ground that there had been no order confirming the Referee’s report of sale. Plaintiff now moves for an order confirming said Referee’s report of sale and for an order of reference to ascertain and report the amount due to the various interested parties.
The trustee in bankruptcy of the defendant, George J. Schwab, who was one of the owners of the property foreclosed, objects to the confirmation of the sale and a surplus money proceeding, claiming that by reason of the failure to have the report of sale confirmed within the specified period of time, all of the various lienors entitled to share in said surplus have lost their rights and that the entire surplus should be paid to said trustee in bankruptcy.
Section 1082 of the Civil Practice Act provides that a motion to confirm the report of sale where there is a surplus shall not be made within three months of the filing of the report and “ shall in any event be made not later than four months after the filing of such report ’ ’. Thus, the statute allows a period of only one month in which the motion may be made. Rule 262 provides in substance that upon the motion for confirmation or at any time within three months thereafter, any person who has filed a notice of claim may apply for an order of reference to ascertain and report the amount due to him and any other person who has a lien on such surplus.
Various claims were duly filed with the County Clerk of Monroe County and a certificate of the clerk setting forth such claims to the surplus money so filed with him is presented as a part of this motion.
Although the time within which to apply for an order of confirmation as prescribed by section 1082 of the Civil Practice Act has now expired, it is nevertheless the recognized rule that where the surplus remains in court, the court has undoubted power over the entire proceeding and it will not hesitate to exercise such power in order to enforce the legal rights of the parties. (Mutual Life Ins. Co. v. Cockerill, 150 App. Div. 411.) The failure to apply for the order of confirmation within the time prescribed is a mere irregularity which has not resulted in prejudice to the substantial rights of any of the parties and hence such irregularity must be disregarded. (Civ. Prac. Act, § 105.)
*999 Here, the order of confirmation should not be entered nunc pro tunc because in that event the time to make an application pursuant to rule 262 will have already expired.
The trustee in bankruptcy has filed his claim along with other claimants to the surplus money and hence his claim along with that of others may be determined upon the reference pursuant to rule 262.
Motion of William J. Frank as trustee in bankruptcy for the defendant, George J. Schwab, is denied.
Motion of the plaintiff is granted and an order may be entered confirming the Referee’s report of sale and referring the mattei to David H. Shearer, Esq., who is hereby appointed referee to ascertain and report the amount due to each person who has a lien on the surplus moneys and to ascertain the priority of the several liens thereon.