Bernard S. Meyer, J.
This motion seeks confirmation of a report of sale in mortgage foreclosure dated November 7, 1969, and an order directing payment of the $10,551.59 surplus to movant. Though the motion is made more than four months after the report and is, therefore, untimely (Beal Property Actions and Proceedings Law, § 1355, subd. 2) that irregularity will be disregarded absent any showing of prejudice (Sibley Realty Corp. v. Schwab, 11 Misc 2d 997; cf. Reconstruction Fin. Corp. v. Finch, 8 A D 2d 869; Lona Is. City Sav. & Loan Assn. v. Brown, 33 Misc 2d 996; see CPLB 2001, 2004). The motion is granted to the extent of (a) confirming the report of sale, (b) ordering payment to claimant Tukachinsky, holder of a junior participation in the foreclosed mortgage, of $980.93 with interest at 7%% from August 15, 1969, as provided in the judgment of foreclosure, (c) ordering payment to the United States of its lien with interest, and (d) directing payment of the balance of the surplus money to movant, but is otherwise denied.
Movant is the assignee of the purchaser at separate judgment-execution sales of the interests of the owners of the equity of redemption. Movant contends that under CPLB 5236 the execution sale cut off all judgment creditors who failed to deliver an execution to the Sheriff prior to the sale, and that it, therefore, is entitled to the entire surplus as the holder of the sole remaining interest in the equity of redemption, The United States, which on August 23, 1963, filed a tax lien in the amount of $1,264.80 and on March 7, 1969 refiled its lien, against the owners of the equity of redemption, opposes the motion.
*459 Movant’s reliance on CPLB 5236 appears misplaced, for that section applies to judgment creditors but not to other categories of lien creditors, such as mechanic’s lienors, tax lienors and contract lienors (Siegel, Sale of Beal Property Pursuant to an Execution under the CPLB, Tenth Annual Beport of the N. Y. Judicial Conference, 1965, p. 120, 156, n. 64). First Fed. Sav. & Loan Assn. v. McKee (61 Misc 2d 693) is not to the contrary for, though it involved a tax warrant, the statute there construed made the warrant a lien ‘ ‘ in the same manner as a judgment duly docketed ”.
The priority of a Federal tax lien is determined by Federal statute, except as such statute provides that State law shall apply. The lien created by section 6321 of the Internal Bevenue Code (U. S. Code, tit. 26, § 6321) may be affected by a superpriority (Internal Revenue Code, § 6323; U. S. Code, tit. 26, § 6323), or extinguished by a judicial proceeding (U. S. Code, tit. 28, § 2410) or by nonjudicial sale (Internal Revenue Code, U. S. Code, tit. 26, § 7425). The first two provisions do not apply in this case because movant is not within the category of persons entitled to superpriority and the United States was not a party to the action in which the judgment executed upon was obtained. The Federal lien remains valid, therefore, unless extinguished pursuant to section 7425 of the Internal Bevenue Code.
Under subdivision (b) of section 7425 “ a nonjudicial sale under a statutory lien * * * (2) shall have the same effect with respect to the discharge or divestment of such lien or such title of the United States, as may be provided with respect to such matters by the local law of the place where the property is situated, if— * * * (C) notice of such sale is given in the manner prescribed in subsection (c) (1).” Paragraph (1) of subdivision (c) requires that notice of sale “be given * * * in writing * * * not less than 25 days prior to such sale ” and Senate Beport No. 1708 (89 Cong., 2d Sess.), the report of the bill which became Public Law 89-719, which added section 7425 to the code, states: “Under the bill for a notice of sale to be effective, it must be delivered to the Treasury Department at least 25 days prior to the sale ” (3 U. S. Code Congressional & Administrative News [1966], p. 3749). Since movant’s papers show that notice of the first execution sale, held Aiigust 19, 1969, was mailed on August 1, 1969 and notice of the second execution sale, held October 15, 1969, was mailed on October 1, 1969, the notices were not effective to extinguish the Federal tax lien.