■ BEN COHEN, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about September 23, 1988, which granted defendant's motion for summary judgment dismissing the complaint, and judgment of the same court, entered October 12, 1988, which dismissed the complaint, unanimously affirmed; order of said court entered on or about February 1, 1989, which denied plaintiff's motion for renewal and reargument decided as follows: appeal from that portion of the order denying reargument dismissed; the appeal from that portion of the order which denied renewal is deemed to be an appeal from an order denying plaintiff the relief requested, and as such, unanimously affirmed, without costs.

Plaintiff commenced this action seeking to recover on a fire insurance policy mortgage loss payable clause. Under the designation "insured", plaintiff was listed as "Ben Cohen mortgagee". After the mortgagor defaulted, plaintiff foreclosed on the premises and, as a result of the foreclosure and sale, obtained title for a nominal sum on November 7, 1984. The mortgagor, however, had filed a voluntary petition in bankruptcy on November 2, 1984, triggering an automatic stay. On January 13, 1985, the premises were destroyed by fire. On January 19, 1985, the Bankruptcy Court for the Southern

District of New York dismissed the mortgagor's bankruptcy petition and declared that the November 7, 1984 sale was not void. Plaintiff sought recovery from defendant based upon the policy of insurance. The Supreme Court granted summary judgment to defendant on the ground that plaintiff lacked an insurable interest in the property as of the time of the loss.

Whether plaintiff is viewed as mortgagee of the property or as the owner on the date of the loss, he is not entitled to recover under the policy. The policy by its terms insures plaintiff's interest as mortgagee only. Thus, if as plaintiff contends, he was the owner of the property at the time of the loss, his interest was not covered since his insurable interest (the debt) was extinguished after he obtained title. *(Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332.) Plaintiff's failure to obtain a deficiency judgment within the prescribed time after title passed to him in foreclosure, whether the date of passing is viewed as November 7, 1984 or January 19, 1985, defeats any right of recovery he may have had as mortgagee (RPAPL 1371; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.,* 82 Misc 2d 396, *affd* 51 AD2d 1005, *affd on opn of Special Term* 41 NY2d 954). Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.