OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff and defendants Tretter each move for summary judgment in this action concerning the rights to certain insurance proceeds payable under a fire insurance policy issued by defendant State Farm. The undisputed facts are as follows:
*391 Defendants Tretter were the owners of the subject property, subject to a purchase-money mortgage held by plaintiff. A policy of fire insurance was acquired from defendant State Farm, which named defendants Tretter as owners and plaintiff as lienholder. Defendants defaulted on the mortgage and plaintiff sought and received a judgment of foreclosure and sale on May 23, 1988. On June 29, 1988 a sale was held, at which plaintiff was the highest bidder, having bid the full amount of the outstanding debt. From the date of defendant Tretters’ default to present, plaintiff has paid all insurance premiums, taxes (including back taxes) and carrying charges on the premises. On April 4, 1989, the premises were destroyed by fire. On May 12, 1989, the Referee’s deed, dated May 1, 1989, was filed.
Plaintiffs claim that as equitable owners on the date of the fire, they are entitled to the insurance proceeds. Defendants Tretter claim that as the fire occurred prior to the delivery of the Referee’s deed, they are entitled to the proceeds. Defendant State Farm has offered to pay the proceeds into court.
In Whitestone Sav. & Loan Assn. v Allstate Ins. Co. (28 NY2d 332 [1971]), the Court of Appeals examined the rights of owners and mortgagees to fire insurance proceeds. In that case, the sequence of events was as follows: Mortgagee obtains judgment of foreclosure and sale, fire occurs, mortgagee bids full amount of debt at foreclosure sale and receives Referee’s deed. Under the facts of that case, the Court of Appeals held that the full amount of proceeds were to be paid to the owner/ mortgagor, and that the mortgagee was entitled to no proceeds. The court’s decision was based upon (1) the extinguishment of the debt, and therefore the lien, upon the foreclosure sale, thus eliminating any right in the proceeds as lienholder; and (2) that the Referee was the owner at the time of the fire, and the Referee had a duty to return to the mortgagor any surplus in proceeds from the sale. The court’s rationale was based upon the ability of the mortgagee, at the time of the sale, to bid the amount that the property, already destroyed by fire, was actually worth, and if that amount was less than the debt, to sue for deficiency. Since that mortgagee had bid the full amount of debt, it could only be presumed that the property, destroyed by fire, was worth at least the amount of the debt.
The decision in Whitestone (supra) charted out a course of action for mortgagees to follow when a fire occurs between the *392 judgment of foreclosure and the sale pursuant to the foreclosure. The mortgagee can bid the amount the fire-destroyed property is worth, receive a deed and move for deficiency judgment to the extent the amount bid is less than the outstanding debt. Any deficiency judgment can be applied to the fire proceeds. Thus, the mortgagee, by this course of action, can be made whole. This course of action was again specified by the Court of Appeals in Moke Realty Corp. v Whitestone Sav. & Loan Assn. (41 NY2d 954 [1977]). In that case, as in Whitestone, the fire occurred between judgment of foreclosure and sale. The mortgagee bid the amount the fire-destroyed premises were worth, leaving a deficiency between the amount bid and the outstanding debt. However, the mortgagee never moved for deficiency judgment. The court, in denying the mortgagee any share of the fire proceeds, again reiterated that the appropriate course of action was to bid the amount the fire-destroyed property was worth and move for deficiency judgment. While the mortgagee had done the former, it had not done the latter, and consequently was not entitled to the proceeds.
The course of action specified by the Court of Appeals in the Whitestone cases (supra) was not available to the mortgagee herein. At the time the mortgagee bid on the premises, they had not yet been destroyed by fire. At the time of the mortgagee’s bid, the property was whole and worth at least the amount of the outstanding debt. Thus, even if the mortgagee had bid less than the debt amount, and moved for deficiency judgment, no deficiency judgment could enter under RPAPL 1371 in that the amount of deficiency is measured by the amount the outstanding debt exceeds the higher of the amount bid or where the mortgagee is the bidder, the value of the property.
The Whitestone cases (supra) do not address the right to fire proceeds where the fire occurs between the foreclosure sale and delivery of Referee’s deed. In fact, no reported case outlines an acceptable course of action for a mortgagee who has bid at foreclosure sale on premises that are later destroyed by fire prior to the delivery of a Referee’s deed. It is not clear if the mortgagee has any right to rescind the sale or move to abate the purchase price as such rights are provided for in General Obligations Law § 5-1311, which applies only where there is a contract for sale of property.
Nor is this a case where the mortgagee would experience a windfall upon its receipt of the fire proceeds. The premiums *393 for the policy of fire insurance were paid by plaintiff. The plaintiff, in addition to the underlying mortgage debt, expended considerable money in payment of back taxes as well as current taxes and carrying charges. The total debt owed to plaintiff on the date of the foreclosure sale was considerably in excess of the value of the fire-destroyed property. (Cf., Cohen v New York Prop. Ins. Underwriting Assn., 160 AD2d 287 [1st Dept 1990].)
Where the course of action specified in the Whitestone cases (supra) is unavailable to a mortgagee, it would be inequitable to apply the Whitestone holdings. This is especially so under the facts of this case. At the time the mortgagee bid at the foreclosure sale, the property was whole. The mortgagee became the equitable owner, as the highest bidder on the premises. While the equity of redemption of the defendants Tretter was not technically extinguished until the Referee’s deed was delivered, the defendants Tretter did not exercise the equity of redemption at any time from the date of foreclosure judgment in May 1988, through the sale in June 1988, through the 10 months following the sale to the date of the fire in April 1989, or through the delivery of the deed in May 1989. Under these circumstances, the plaintiff, as equitable owner at the time of fire, is entitled to the fire proceeds.
For the foregoing reasons, plaintiff’s motion for summary judgment is granted, and defendants Tretter’s motion for summary judgment is denied.