HENRY KESSLER, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

Plaintiff purchased a policy of insurance on or about April 29, 1988. The policy was denominated as a "FIRE POLICY" and the coverage period was 4/29/88 to 4/29/89. The insured on the policy was listed as the plaintiff at his home address, 54 Larch Hill Rd. Lawrence N. Y. 11559-1926, and the covered premises was described as "NASSAU COUNTY INWOOD FD 157 DAVIDS AVE INWOOD NY 11696". The policy insured the premises against fire loss and other stated perils. It is not disputed that at the time the policy was issued plaintiff held a mortgage on the premises which was in default. The mortgage was acquired in May 1986 from Delta Funding Corporation. In July 1988, defendant foreclosed on the mortgage and successfully bid the entire amount of the balance then due on the mortgage at the foreclosure sale. On August 13, 1988 the property was severely damaged by fire. Plaintiff made a claim under the abovesaid policy of insurance and defendant denied the claim.

Since a mortgagee is entitled to only one satisfaction of its debt and no more, the successful bidding in of the debt to purchase the mortgaged premises, constitutes satisfaction of the debt *(Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28

NY2d 332, 335). Because the debt is extinguished it is not necessary or useful to refer to "attenuated traditional concepts to the effect that when the mortgagee acquires the title to the property there is a merger of the mortgage interest into that of the fee" *(Whitestone Sav. & Loan Assn. v Allstate Ins. Co., supra,* at 335). "[T]he authorities are unanimous to the effect that if subsequent to the fire the mortgagee has had its debt satisfied by purchase at foreclosure either by the mortgagee or a stranger, even by its bidding in of the outstanding debt, the mortgagee's rights under the policy are terminated". (28 NY2d, *supra,* at 335.)

The court at IAS correctly concluded that the occurrence of the loss after, rather than before, the foreclosure sale, at which the mortgagee successfully bid in the full amount of the remaining debt, does not alter the result; the mortgagee's insurable interest as such is terminated and the mortgagee cannot recover under a policy insuring its interest as mortgagee. *(See, Equitable Life Assur. Socy. v Great Atl. Ins. Co.,* 69 Misc 2d 714, 717, *affd without opn* 40 AD2d 956; *Cohen v New York Prop. Ins. Underwriting Assn.,* 160 AD2d 287.) While the policy in question does not list plaintiff as mortgagee or recite that there is any mortgage on the property, it appears that the policy was issued in the exact amount of the mortgage held by plaintiff, and that was the only interest in the property held by plaintiff when he purchased the policy and thus the only interest covered thereby was his interest as mortgagee. Accordingly, the IAS court correctly granted summary judgment to defendant. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.