■ WASHINGTON MUTUAL HOME LOANS, INC., Plaintiff, v KIRK JONES et al., Respondents, and BANK ONE, N.A., Appellant. [814 NYS2d 166]—

In an action to determine the distribution of surplus moneys following a foreclosure sale, the defendant Bank One, N.A., appeals from (1) a decision of the Supreme Court, Suffolk County (Mullen, J.), dated October 8, 2004, and (2) an order of the same court dated November 4, 2004, which, in effect, granted the motion of the defendants Kirk Jones and Gail Jones to confirm the referee's report of the sale of the premises located at 40 Darerka Street in Amityville, and for distribution of the surplus moneys to them and, in effect, denied its cross motion to confirm the referee's report and for distribution of the surplus moneys to it, and directed that the Suffolk County Treasurer pay the principal sum of $29,344.83 to Kirk Jones and Gail Jones.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law and as a matter of discretion, the motion is denied, and the cross motion is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Ordered that the Suffolk County Treasurer is directed to pay to Eschen & Frenkel, LLP, as counsel for the appellant, Bank One, N.A., the principal sum of $29,344.83, together with accrued interest, less fees due the Suffolk County Treasurer.

In August 1999 the defendants Kirk Jones and Gail Jones (hereinafter together Jones) entered into a first mortgage with the plaintiff Washington Mutual Home Loans, Inc. (hereinafter Washington Mutual), for premises located at 40 Darerka Street in Amityville in the amount of $119,325. In May 2000 Jones entered into a $30,000 subordinate mortgage with the defendant Bank One, N.A. (hereinafter Bank One). In August 2001 Washington Mutual commenced a foreclosure proceeding. In a November 2001 appearance, Bank One made a claim to any surplus moneys.

Washington Mutual obtained a judgment in its favor in September 2002, which included a provision that gave Bank One rights to any moneys remaining after satisfaction of Washington Mutual's mortgage. As the highest bidder at the

June 2003 foreclosure auction, Bank One purchased the premises for $205,000. At the August 2003 closing, after satisfaction of Washington Mutual's senior mortgage, fees, and taxes, but not Bank One's subordinate mortgage, the referee deposited $29,344.83 in surplus moneys with the Suffolk County Treasurer. Bank One did not request the surplus moneys to satisfy its subordinate mortgage either at the closing or within four months of the filing of the referee's report.

In December 2003 Jones filed a notice of claim to the surplus moneys. Jones subsequently moved to confirm the referee's report of the sale and for distribution of the surplus moneys to them, noting that no other individual or entity had filed a notice of claim to the money. Bank One opposed and cross-moved for the same relief as Jones, claiming that its purchase of the premises had not satisfied the subordinate mortgage and that pursuant to the foreclosure judgment and RPAPL 1351 and 1354, it had priority over Jones to the surplus moneys.

The Supreme Court granted Jones's motion and, in effect, denied Bank One's cross motion, finding that Bank One's purchase of the premises had satisfied the subordinate mortgage and that Bank One had waived its right to the surplus moneys by failing to request the moneys at the closing and by not filing a notice of claim within the 4-month statutory deadline. Accordingly, the court directed the distribution of the surplus moneys to Jones.

Bank One had a right, as the only subordinate mortgagee, to the surplus moneys (*see* RPAPL 1351 [3]; 1354 [3]; *Womans Hosp. in State of N.Y. v Sixty-Seventh St. Realty Co.,* 265 NY 226, 235 [1934]). Bank One's failure to request the surplus at the closing (*see* RPAPL 1351 [3]; 1354 [3]) or within four months after the filing of the referee's report (*see* RPAPL 1355 [2]), was attributable to law-office failure, as there is no evidence that those errors were intentional or willful (*see Gironda v Katzen,* 19 AD3d 644 [2005]; *Pollack v Eskander,* 191 AD2d 1022 [1993]). Further, Jones failed to demonstrate any prejudice resulting from Bank One's untimely cross motion for distribution of the surplus moneys to it (*see Brann v La Barbone, Inc.,* 260 AD2d 218 [1999]). Under the circumstances, Bank One's untimely cross motion was a mere irregularity for which an extension may be granted (*see* CPLR 2001, 2004), not a waiver of its rights (*see Chemical Mtge. Co. v Collier,* 227 AD2d 202 [1996]; *Associated Fin. Servs. v Davis,* 183 AD2d 686 [1992]; *Fidelity Bond & Mtge. Co. v Lucas,* 135 AD2d 778 [1987]; *Dime Sav. Bank of Brooklyn v Sherman,* 64 Misc 2d 457 [1970]).

Senior mortgagees that purchase the premises for an amount

that encompasses the debt owed to them are deemed to have satisfied their mortgages (*see Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332 [1971]; *Kessler v Government Empls. Ins. Co.*, 179 AD2d 492 [1992]). In contrast, here, Bank One's subordinate mortgage was not satisfied when it purchased the premises, as the proceeds of the sale satisfied only Washington Mutual's senior mortgage, taxes, and fees, with the remaining funds deposited with the Suffolk County Treasurer.

Under the circumstances of this case, we reverse the order, deny the motion, grant the cross motion, and direct that the surplus moneys shall be distributed to Bank One (*see Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67 [1990]). Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.