■ OPTION ONE MORTGAGE CORP., Respondent, v JPMORGAN CHASE & Co. et al., Appellants, et al., Defendants. [940 NYS2d 225]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered November 8, 2010, which, to the extent appealed from, denied the motions of defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and TD Bank, N.A. (sued herein as Commerce Bank, N.A.) to dismiss this action for conversion, negligence, and violation of Uniform Commercial Code § 3-419 (1) (c), unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment accordingly.

In this action arising from plaintiff's purchase of real estate at a foreclosure sale, the only basis for plaintiff's claim of entitlement to insurance proceeds paid to the previous owners of the home who cashed the insurance checks but failed to use the money to repair fire damage to the property, is pursuant to a paragraph of a mortgage entitled "Borrower's Obligation to Maintain Hazard Insurance or Property Insurance." However, bidding at a foreclosure sale and taking title generally terminates "the mortgagee's insurable interest as a mortgagee" (*Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 334 [1971]; *see Kessler v Government Empls. Ins. Co.*, 179 AD2d 492, 493 [1992]; *Cohen v New York Prop. Ins. Underwriting Assn.*, 160 AD2d 287, 288 [1990]). Although it is true that

where, as here, the mortgagee's bid at a foreclosure sale is less than the amount of the debt secured by the mortgage, there remains "a deficiency for which the mortgagor would be obligated and from which there would survive an insurable interest" (*Whitestone*, 28 NY2d at 335), RPAPL 1371 (3) provides that if no motion for a deficiency judgment is made, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

It is undisputed that plaintiff made no motion for a deficiency judgment in its action against the mortgagors. "Plaintiff's failure to obtain a deficiency judgment within the prescribed time . . . defeats any right of recovery [it] may have had as mortgagee" (*Cohen*, 160 AD2d at 288). Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.