In an action to foreclose a mortgage (action No. 1) which was joined for trial with an action to recover on personal guaranties of certain mortgage notes (action No. 2), (1) Clinton Court Development LLC, Abraham Weiss, David Weiss, Robert Jacobs, *1033 and Jonathan Jacobs, defendants in action No. 1, appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Silber, J.), dated August 19, 2011, in action No. 1, which, upon, inter alia, an order of the same court dated November 19, 2010, granting that branch of the plaintiffs motion which was for summary judgment on its cause of action for foreclosure, among other things, confirmed a referee’s report and directed the sale of the subject property, and (2) Abraham Weiss, David Weiss, Robert Jacobs, and Jonathan Jacobs, the defendants in action No. 2, appeal, as limited by their brief, from so much of an order of the same court dated September 20, 2011, as granted those branches of the plaintiffs motion which were for summary judgment in action No. 2 on the issue of liability, and to strike their answers, affirmative defenses, and counterclaims, and denied their cross motion for summary judgment dismissing the complaints in action No. 2.
Ordered that the judgment of foreclosure and sale dated August 19, 2011, is affirmed; and it is further,
Ordered that the order dated September 20, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
In April 2005, the defendant Clinton Court Development LLC (hereinafter Clinton Court), purchased undeveloped property in Brooklyn for the purpose of constructing a high-rise condominium. After the purchase, the plaintiff bank agreed to provide Clinton Court with approximately $26 million in construction financing. The total amount financed was structured into four separate loans consisting of: (1) a first priority loan in the principal amount of $1,737,526, (2) a refinance loan in the principal amount of $2,462,474, (3) a project loan in the principal amount of $5,723,080, and (4) a building loan in the principal amount of $16,456,000. On June 19, 2006, Clinton Court executed four separate notes and mortgages with respect to each of the loans, and its individual members, the defendants Abraham Weiss, David Weiss, Robert Jacobs and Jonathan Jacobs (hereinafter collectively the guarantors), executed personal guaranties with respect to each loan.
After Clinton Court defaulted on its loan obligations in 2009, the plaintiff commenced action No. 1 to foreclose on the building loan, which is the largest of the loans (hereinafter the foreclosure action). The plaintiff also commenced two separate actions in New York County against the guarantors to recover on their personal guarantees of the first priority loan, the refinance loan and the project loan (hereinafter the guaranty actions). By order dated June 6, 2010, the guaranty actions were transferred *1034 to the Supreme Court, Kings County, to be joined for trial with the foreclosure action.
The plaintiff subsequently moved in the foreclosure action for, inter alia, summary judgment on the complaint and the appointment of a referee to compute the amount due under the building loan. The Supreme Court granted the plaintiffs motion, and issued an order of reference dated November 19, 2010, which appointed a referee to compute the amount due under the building loan, and directed him to make his report “no later than 60 days of the date of this order.” The order of reference was to be served by the plaintiff on the designated referee and on all parties entitled to notice “within 20 days of entry and no less than 30 days prior to any hearing.” However, the order of reference was not entered in the County Clerk’s office until January 21, 2011, 63 days after it was signed. The order of reference with notice of entry was served on January 25, 2011, and the referee conducted a hearing and filed his report within 60 days after that date. The Supreme Court granted the plaintiffs motion to confirm the referee’s report, and a judgment of foreclosure and sale entered August 19, 2011, was ultimately entered in favor of the plaintiff.
The plaintiff also moved to consolidate the guaranty actions, and for summary judgment on its complaints in the guaranty actions, and the guarantors cross-moved for summary judgment dismissing the complaints. The Supreme Court granted the plaintiffs motion in the guaranty actions, and denied the cross motion.
On appeal, Clinton Court and the guarantors contend that the judgment of foreclosure and sale in the foreclosure action should be vacated because it was granted upon a referee’s report which was filed more than 60 days after the order of reference was issued on November 19, 2010. However, the referee was unable to strictly comply with the directive that his report be filed within 60 days after the date of the order of reference because no hearing could be conducted until the order of reference was entered and served with notice of entry. Moreover, the referee’s hearing was held, and his report filed, within 60 days after service of the order of reference with notice of entry. Under these circumstances, the referee’s failure to file his report within 60 days after the date the order of reference was a mere irregularity which the Supreme Court properly disregarded (see CPLR 2001, 2004; Washington Mut. Home Loans, Inc. v Jones, 27 AD3d 728, 730 [2006]), and not a jurisdictional defect requiring vacatur of the judgment of foreclosure and sale.
Furthermore, the plaintiff established its prima facie entitle *1035 ment to judgment as a matter of law in the guaranty actions by presenting evidence of the existence of the promissory notes and personal guaranties executed by each of the guarantors with respect to the first priority loan, the refinance loan, and the project loan, and their failure to make payment in accordance with the terms of those instruments (see Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706 [2011]; JPMorgan Chase Bank, N.A. v Galt Group, Inc., 84 AD3d 1028, 1029 [2011]; Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789 [2011]).
In opposition, the guarantors did not dispute their default under the terms of the subject promissory notes and personal guaranties, or raise a triable issue of fact as to any defense. There is no merit to the guarantors’ contention that RPAPL 1301 (3) barred the plaintiff from commencing an action to recover on their personal guaranties of the first priority loan, the refinance loan, and the project loan while the action to foreclose the building loan was pending. Contrary to the guarantors’ contention, they failed to show that the first priority loan, the refinance loan, and the project loan were consolidated with the building loan. Where, as here, a written contract is complete, clear, and unambiguous on its face, it must be enforced according to the plain meaning of its terms (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998 [2012]; Dysal, Inc. v Hub Props. Trust, 92 AD3d 826, 827 [2012]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized” (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d 37, 40 [2012] [internal quotation marks omitted]). A plain reading of the building loan mortgage shows that it was intended to be a separate and distinct loan from the other three loans and that no consolidation was contemplated or effectuated therein. Thus, RPAPL 1303 (1) did not bar the plaintiff from simultaneously maintaining an action to foreclose the building loan and an action to recover against the guarantors on their personal guaranties of the other three loans. Accordingly, the Supreme Court properly granted those branches of the plaintiffs motion which were for summary judgment on the issue of liability, and to strike their answers, affirmative defenses, and counterclaims in the guaranty actions, and denied the guarantors’ cross motion for summary judgment dismissing the complaints.
Eng, PJ., Rivera, Lott and Miller, JJ., concur.